IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GREEN, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPE HENLOPEN SCHOOL DISTRICT, | : | |
| MORRIS, JAMES, HITCHENS & | : | C.A. No. 04-920 KAJ |
| WILLIAMS LLP, JENNIFER BRIERLEY, | : | |
| ESQUIRE, GARY R. SPRITZ, ESQUIRE, | : | |
| VICKI MCGINLEY, NANCY | : | |
| HORTSMANN, SECRETARY OF | : | |
| EDUCATION VALERIE S. WOODRUFF, | : | |
| KRIS BATTAGLINI, SHANNON | : | |
| PALMER, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS**

David H. Williams (#616)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900/6848
dwilliams@morrisjames.com
Attorneys for Defendants Cape Henlopen School
District, Kris Battaglini,
Shannon Palmer, Jennifer Brierley,
and Morris, James, Hitchens &
Williams LLP

Mary Cooke (#3441)
DEPARTMENT OF JUSTICE
102 West Water Street
Dover, DE 19901
(302) 739-7641
Mary.Cooke@state.de.us
Attorneys for Gary Spritz, Esquire
Dr. Vicki McGinley,
Nancy Hortsmann

Craig Fitzgerald (#3730)
DEPARTMENT OF JUSTICE
102 West Water Street
Dover, DE 19901
(302) 739-7641
Craig.Fitzgerald@state.de.us
Attorneys for Secretary Woodruff

Dated: May 31, 2005

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ..................................................................... 1

SUMMARY OF ARGUMENT ............................................................................................. 2

COUNTER-STATEMENT OF FACTS ................................................................................ 3

ARGUMENT .......................................................................................................................... 4

    I.    GREEN'S RESPONSE FAILS TO ADDRESS THE ARGUMENTS SET FORTH IN DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS ............................................................................ 4

    II.    WITH RESPECT TO THE STATE DEFENDANTS, GREEN FAILS TO REFUTE THE FACT THEY ARE IMMUNE TO SUITS FOR DAMAGES UNDER THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION ...................................................................... 6

    III.    WITH RESPECT TO DEFENDANTS SPRITZ, MCGINLEY, AND HORTSMANN, GREEN FAILS TO REFUTE THE FACT THEY ARE ENTITLED TO ABSOLUTE IMMUNITY .................................................... 6

    IV.    THERE IS NO LEGAL AUTHORITY OBLIGATING THE DEPARTMENT OF JUSTICE OR THE DISTRICT TO USE PUBLIC FUNDS TO PROVIDE GREEN WITH AN ATTORNEY ............................. 8

    V.    GREEN'S CONTINUED GENERAL CLAIMS OF CONSPIRACY SHOULD BE DISMISSED .................................................................................... 11

    VI.    GREEN'S CLAIMS AGAINST SECRETARY WOODRUFF SHOULD BE DISMISSED UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ............................................................................................................ 11

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*A.R. v. New York City Dept. of Education,*
C.A. No. 02-9471, 2005 WL 1088427 (2d Cir., May 10, 2005) ...............................................10

*Board of Trustees of University of Alabama v. Garrett,*
531 U.S. 356 (2001) ..................................................................................................................6

*Buckhannon Board and Care Home, Inc. v. West Virginia
Department of Health and Human Services, et al.,*
532 U.S. 598 (2001) ................................................................................................................10

*Butz v. Economou,*
438 U.S. 478 (1978) ..................................................................................................................7

*Cheung v. Youth Orchestra Foundation of Buffalo, Inc.,*
906 F.2d 59 (2d Cir. 1990) ........................................................................................................4

*Collinsgru v. Palmyra Board of Education,*
161 F.3d 225 (3d Cir. 1998) ......................................................................................................4

*Devine v. Indian River County School Board,*
121 F.3d 576 (11th Cir. 1997) ...................................................................................................4

*Edelman v. Jordan,*
415 U.S. 651 (1974) ..................................................................................................................6

*Flanagan v. Shively,*
783 F. Supp. 922 (M.D. Pa. 1992) ..........................................................................................11

*Harlow v. Fitzgerald,*
457 U.S. 800 (1982) ..................................................................................................................8

*Independent School Dist. No. 283 v. S.D. by and through J.D.,*
948 F. Supp. 860 (D.. Minn. 1995) ...........................................................................................7

*Lake v. Arnold,*
112 F.3d 682 (3rd Cir. 1997) ...................................................................................................11

*Moubry v. Kreb,*
58 F. Supp.2d 1041 (D. Minn. 1999) ........................................................................................7

*Rodriguez v. Stevenson,*
  243 F. Supp.2d 58 (D. Del. 2002) ........................................................................................6

**Statutes and Other Authorities**

34 C.F.R. § 300.509(a)(4) ........................................................................................................8

34 C.F.R. § 300.509(a)(5) ........................................................................................................8

34 C.F.R. § 300.512 .................................................................................................................8

14 *Del. C.* § 3138(a)(5) ..........................................................................................................8

14 *Del. C.* § 3138(a)(6) ..........................................................................................................8

14 *Del. C.* § 3142 ..................................................................................................................8

20 U.S.C. § 615(i)(3)(B)(I) and (III) ........................................................................................9

20 U.S.C. § 1415(h)(3) ............................................................................................................8

20 U.S.C. § 1415(h)(4) ............................................................................................................8

20 U.S.C. § 1415(i)(2)(A) .......................................................................................................8

20 U.S.C. § 1415(i)(3)(B) ..................................................................................................9, 10

District of Delaware Local Rule 7.1.2 ....................................................................................1

Federal Rules of Civil Procedure 12(b)(1) ..............................................................................1

Federal Rules of Civil Procedures 12(b)(6) ............................................................................1

*In Re The Establishment of a Federal Civil Panel to Provide Legal*
*Assistance to Indigent Parties in Certain Civil Litigation (May 25, D. Del. 1999)* .................10

**ATTACHMENTS**

*A.R. v. New York City Dept. of Education,*
  C.A. No. 02-9471, 2005 WL 1088427 (2d Cir., May 10, 2005) ......................................."A"

## NATURE AND STAGE OF PROCEEDINGS

On August 4, 2004, John Green, Jr. ("Green") filed a "Notice of Appeal and Complaint" naming nine Defendants, including the Cape Henlopen School District ("the District"), three hearing panelists who sat on his son's special education due process panel, Secretary Woodruff, individually and in her role as Secretary of the Department of Education ("the Department"), Morris, James, Hitchens & Williams LLP ("Morris, James"), Jennifer Brierley, Esquire, and two Cape Henlopen School District employees, Kris Battaglini and Shannon Palmer.

On October 15, 2005, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In accordance with D. Del. LR 7.1.2, Green's Answering Brief was due within ten (10) days after service, on or about October 28, 2004. Green failed to timely file an Answering Brief or pleading in response to Defendants' Motion to Dismiss.

On April 28, 2005, the Court issued an order directing Green to file a response on or before May 13, 2005, otherwise the case would be dismissed for failure to prosecute. On May 13, 2005, Green filed a thirteen (13) page document responding to Defendants' Motion to Dismiss, but also raising new allegations and asserting additional requests for relief.

This is Defendants' Reply Brief in Support of their Motion to Dismiss.

## SUMMARY OF ARGUMENT

I. GREEN'S RESPONSE FAILS TO ADDRESS THE ARGUMENTS SET FORTH IN DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS.

II. WITH RESPECT TO THE STATE DEFENDANTS, GREEN FAILS TO REFUTE THE FACT THEY ARE IMMUNE TO SUITS FOR DAMAGES UNDER THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III. WITH RESPECT TO DEFENDANTS SPRITZ, MCGINLEY, AND HORTSMANN, GREEN FAILS TO REFUTE THE FACT THEY ARE ENTITLED TO ABSOLUTE IMMUNITY.

IV. THERE IS NO LEGAL AUTHORITY OBLIGATING THE DEPARTMENT OF JUSTICE OR THE DISTRICT TO USE PUBLIC FUNDS TO PROVIDE GREEN WITH AN ATTORNEY.

V. GREEN'S CONTINUED GENERAL CLAIMS OF CONSPIRACY SHOULD BE DISMISSED.

VI. GREEN'S CLAIMS AGAINST SECRETARY WOODRUFF SHOULD BE DISMISSED UNDER THE DOCTRINE OF QUALIFIED IMMUNITY.

## COUNTER-STATEMENT OF FACTS

Defendants restate and incorporate by reference the Statement of Facts contained in their Opening Brief in support of Defendants' Motion to Dismiss.

# ARGUMENT

I. **GREEN'S RESPONSE FAILS TO ADDRESS THE ARGUMENTS SET FORTH IN DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS.**

Green's response to Defendants' Motion to Dismiss fails to refute or even address the arguments set forth in Defendants' Opening Brief. Instead,

1. Green provides the Court with his inflammatory opinions of the Department of Education, Morris, James, the Delaware bar, due process hearing panels, and the wisdom of well settled law that parents cannot represent their children in proceedings before the federal courts in the Third Circuit, as well as other circuit courts. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225 (3d Cir. 1998); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990); *Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997).

2. Green asserts a long list of new factual allegations that were never raised or mentioned in the Complaint he filed nine (9) months ago. In fact, Green's entire response to Defendants' Motion to Dismiss contains unsupported statements of fact interspersed with random legal terms and phrases.

3. Green makes broad and conclusory statements of law, but provides no authority to support them.

4. Green falsely represents to the Court that certain facts are not in dispute among the parties. (Green's Reply, ¶s 3, 5, 6, 7, 8, 9)

5. Green reasserts a frivolous complaint he lodged with Office of Disciplinary Counsel against the District's counsel (Green's Reply, ¶ 27) which has been reviewed, investigated, and dismissed.

4

6. Green surfaces new unfounded allegations directed at counsel for the District and counsel for the Department. (Green's Reply, ¶s 27 & 28).

7. Green restates alleged procedural violations of the IDEA, but fails to offer any authority contrary to that offered by Defendants in their Opening Brief.

8. Green rehashes arguments in his response to Defendants' Motion to Dismiss that were summarily rejected by the Due Process Panel.

9. Green continues his attack on the structure and implementation of Delaware's statutory system for conducting special education due process hearings without pausing to cite any authority refuting the arguments set forth in Defendants' Opening Brief. Green's claims amount to nothing more than a litany of unsupported accusations against the hearing officers themselves and against Delaware's statutory due process system.

10. Green provides no legal support for his claim that Delaware's due process system fails to meet statutory or constitutional due process requirements. This is probably because, as addressed in detail in Defendants' Opening Brief, Delaware's hearing system actually *exceeds* the IDEA's requirements.

11. Green randomly asserts new factual allegations and legal conclusions having no basis in the law. While Green's thirteen (13) page response contains detailed attacks on Morris, James, the Delaware bar, the Department of Education, and Delaware's system for resolving special education disputes, Green fails to explain his seven (7) month delay in responding to Defendants' Motion to Dismiss. In all events, Green provides no authority to refute the legal basis of Defendants' Motion to

5

Dismiss and he fails entirely to address the arguments set forth in Defendants' Opening Brief.

II. **WITH RESPECT TO THE STATE DEFENDANTS, GREEN FAILS TO REFUTE THE FACT THEY ARE IMMUNE TO SUITS FOR DAMAGES UNDER THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

Green fails to provide any legal authority to rebut the State Defendants' Eleventh Amendment immunity. Defendants' Opening Brief explained why the State Defendants (i.e., the Department of Education, the Secretary of Education and the Hearing Panel Members) are entitled to judgment on all counts of the Complaint seeking money damages.

While the Eleventh Amendment does not facially bar suits against the State by its citizens, the United States Supreme Court has held that in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Because of the Eleventh Amendment, private parties cannot sue states in federal court for money damages. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001). There is no indication that the State of Delaware has waived its immunity to suits in federal court premised on constitutional or conspiracy violations. *See Rodriguez v. Stevenson*, 243 F.Supp.2d 58, 63 (D.Del. 2002). Accordingly, the State Defendants are entitled to dismissal of Green's constitutional and conspiracy claims.

III. **WITH RESPECT TO DEFENDANTS SPRITZ, MCGINLEY, AND HORTSMANN, GREEN FAILS TO REFUTE THE FACT THEY ARE ENTITLED TO ABSOLUTE IMMUNITY.**

In his thirteen (13) page response, Green fails to address Defendants Spritz, McGinley and Horstmann's argument that as members of the due process hearing

panel, they are absolutely immune from individual liability for the part they played in the due process hearing. Instead of providing any legal authority to the contrary, Green, at most, relies upon a series of allegations which lack legal merit and are also unsupported by the evidentiary record before the Court.

Defendants' Opening Brief explained why the Panel Member Defendants are entitled to absolute immunity: they acted exclusively in a quasi-judicial capacity, ruling on proffers of evidence, regulating the course of a due process hearing at which plaintiff enjoyed the full panoply of his rights, and making a well-reasoned decision based on the record before them. It is hard to imagine more truly adjudicative functions.

It is well settled that "[j]udges and officials who have duties that are 'functionally comparable' to those of judges are [ ] entitled to absolute immunity." *Butz v. Economou*, 438 U.S. 478, 513 (1978). Using this "functional approach," at least one court has extended absolute immunity to due process hearing review officers. "Undoubtedly, as an adjudicator, the HRO is wholly insulated from a claim which arises from her conduct as an adjudicator, by principles of judicial immunity." *Independent School Dist. No. 283 v. S.D. by and through J.D.*, 948 F. Supp. 860, 877 n. 28 (D. Minn. 1995) (dismissing Hearing Review Officer as a defendant in a suit against a school district under the IDEA); *see also Moubry v. Kreb*, 58 F. Supp.2d 1041, 1050 (D. Minn. 1999) (dismissing State Education Commissioner and Hearing Review Officers as nominal parties in a suit against a school district under IDEA).

Most importantly, the due process system is structured to assure that the panel members exercise their independent judgment on the evidence before them, free from pressures by the parties. To this end, sufficient safeguards exist in the statutory and

7

regulatory framework to control unconstitutional conduct. State and Federal law require verbatim records of the due process hearing be kept and that a written decision of the panel be made. *See* 14 *Del. C.* § 3138(a)(5) and (a)(6); 20 U.S.C. § 1415(h)(3) and (h)(4); 34 C.F.R. § 300.509(a)(4) and (a)(5). Further, judicial review of the panel's decision is available pursuant to 14 *Del. C.* § 3142, 20 U.S.C. § 1415(i)(2)(A), and 34 C.F.R. § 300.512.

There can be little doubt that the role of the due process hearing officer within this framework is "functionally comparable" to that of a judge. The right to appeal provides parties to the due process hearings with an appropriate alternative to address any perceived wrongful conduct by a hearing officer. Accordingly, Defendants Spritz, McGinley and Hortsmann are entitled to absolute immunity from damage liability for their judicial acts and should be dismissed as defendants.

Lastly, even if the Court should find that Defendants Spritz, McGinley and Horstmann are not entitled to absolute immunity, they, like Secretary Woodruff, are entitled to be dismissed as defendants on the basis that they are qualifiedly immune from suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[g]overnmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

IV.  **THERE IS NO LEGAL AUTHORITY OBLIGATING THE DEPARTMENT OF JUSTICE OR THE DISTRICT TO USE PUBLIC FUNDS TO PROVIDE GREEN WITH AN ATTORNEY.**

Green requests the District and the Delaware Department of Justice (the "DOJ") to pay for an attorney Green will presumably hire to represent his son in the

District Court. (See, Green's Reply, p. 12 & proposed form of Order). Without providing any legal authority, Green broadly claims the District and the DOJ should pay funds over to the Clerk of Court to establish a fund to provide him with an attorney. *Id.*

As a threshold matter, DOJ is not a defendant in this action, nor was it ever a party to the due process hearing. The simple fact that DOJ provided legal services to one of its state agencies (i.e., the Department) does not make the DOJ a party to the current action, or the due process proceeding. Even if it did, there is no basis the law that would reasonably require DOJ to provide Green with counsel to prosecute his appeal.

The same holds true for the District. There is no legal authority that would obligate the District to use public funds to provide Green with an attorney so Green can sue the District. In fact, to the District's knowledge, no such authority exists anywhere in the country.

Green overlooks that parents have a remedy under the IDEA to recover their attorney's fees and costs if they ultimately prevail. Similar to civil rights litigation, Congress has adopted a fee-shifting provision for parents of children with disabilities who become prevailing parties in administrative or judicial proceedings under the IDEA. Specifically, 20 U.S.C. § 1415 (i) (3) (B)[1], provides:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

---

[1] On July 1, 2005, the Individuals With Disabilities Education Improvement Act of 2004 will take effect and allow prevailing school districts to recover attorney's fees against parents or their counsel under certain circumstances, such as to defend against frivolous actions. See, 20 U.S.C. § 615(i)(3)(B)(I) and (III).

9

Essentially, if Green secures counsel and prevails in the appeal, he would be entitled to recover all or a portion of his fees as a "prevailing party" pursuant to 20 U.S.C. § 1415 (i) (3) (B). *Buckhannon Board and Care Home Inc., v. West Virginia Department of Heath and Human Services et al.,* 532 U.S. 598 (2001); *A.R., et al. v. New York City Board of Education,* C. A. 02-9471, 2005 WL 1088427, (2nd Cir., May 10, 2005) (Attachment "A").

Finally, in his proposed form of order, Green sets forth a random and punitive formula to calculate the monetary obligations of the District and the DOJ to provide him with an attorney. According to Green,

> The District shall pay in an amount equal to that paid in legal fees to oppose services to this child and the DOJ shall pay in an amount equal to the number of hours of legal services expended on this matter times the billing rate of the School District's highest paid attorney.

Green cites *no* authority to require the DOJ or the District to provide Green with an attorney, let alone calculate it in the haphazard manner suggested by Green. As mentioned, the IDEA's fee-shifting provision provides all parents, including Green, with a statutory remedy should they become a "prevailing party" under 20 U.S.C. § 1415 (i) (B) (3). There is no simply basis in the law to require the DOJ or the District to use public funds to hire an attorney for Green to pursue his frivolous lawsuit, nor has Green provided any authority to the Court to indicate otherwise.

Finally, the District Court has established a Federal Civil Panel to provide legal assistance to indigent parties that is available to Green should he so qualify. The Court has outlined a procedure for the appointment of attorneys in its standing order of *In Re the Establishment of a Federal Civil Panel to Provide Legal Assistance to Indigent*

10

*Parties in Certain Civil Litigation*. (May 25, D.Del. 1999). Green provides no evidence that he has complied with the Court's procedure for the assignment of an attorney for an indigent litigant.

V.  **GREEN'S CONTINUED GENERAL CLAIMS OF CONSPIRACY SHOULD BE DISMISSED.**

Green continues in his failure to allege an adequate statutory or common law basis for his conspiracy claims. Green's wild, broad, and conclusory allegations of conspiracy contained in his Response still do not meet the required pleading standards, (Green's Reply, ¶s 27-30), and dismissal is warranted. *Lake v. Arnold*, 112 F.3d 682, 685 (3rd Cir. 1997); *Flanagan v. Shively*, 783 F.Supp. 922, 928-929 (M.D. Pa. 1992).

VI.  **GREEN'S CLAIMS AGAINST SECRETARY WOODRUFF SHOULD BE DISMISSED UNDER THE DOCTRINE OF QUALIFIED IMMUNITY.**

Green has not refuted that Secretary Woodruff is entitled to qualified immunity. Secretary Woodruff is not expressly named in the "Reply to Defendant's Motion to Dismiss and Request for Other Relief." The only reference to Secretary Woodruff in the pleadings is in Paragraph 18 of the Notice of Appeal where Green broadly accuses the Secretary of conspiring to violate his son's civil rights. As discussed in more detail in the Defendants' Opening Brief, this conclusion fails to state a claim for conspiracy. Further, Green's broad allegations against the Due Process system in pages 1-2 of his Reply to Defendant's Motion to Dismiss and Request for Other Relief do not satisfy the pleading requirements enumerated in *Lake v. Arnold*, 112 F.3d 682 (3rd Cir. 1997). As argued in the Defendants' Opening Brief, Green has not sufficiently alleged the violation of even colorable constitutional or statutory rights, much less "clearly established" ones. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (182) (Generally, government officials are

protected from civil liability insofar as their conduct "does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known."). For these reasons, the Secretary must be dismissed from this action.

WHEREFORE, Defendants respectfully request the Court dismiss the Complaint on all counts, or otherwise afford Green thirty (30) days to retain counsel at his expense.

_/s/ David H. Williams_
David H. Williams (#616)
MORRIS, JAMES, HITCHENS
& WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com
Attorneys for The Cape Henlopen School District,
Kris Bataglini, Shannon Palmer,
Morris, James, Hitchens & Williams LLP,
Jennifer Brierley, Esquire

_/s/ Craig Fitzgerald_
Craig Fitzgerald (#3730)
DEPARTMENT OF JUSTICE
102 West Water Street
Dover, DE 19901
(302) 739-7641
Craig.Fitzgerald@state.de.us
Attorneys for Secretary Woodruff

_/s/ Mary Cooke_
Mary Cooke (#3441)
DEPARTMENT OF JUSTICE
102 West Water Street
Dover, DE 19901
(302) 739-7641
Mary.Cooke@state.de.us
Attorneys for Gary R. Spritz, Esquire
Dr. Vicki McGinley,
Nancy Hortsmann

Dated: May 31, 2005

13

1184142/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CAPE HENLOPEN SCHOOL DISTRICT, : | |
| MORRIS, JAMES, HITCHENS & : | C.A. No. 04-920 KAJ |
| WILLIAMS LLP, JENNIFER BRIERLEY, : | |
| ESQUIRE, GARY R. SPRITZ, ESQUIRE, : | |
| VICKI MCGINLEY, : | |
| NANCY HORTSMANN, : | |
| SECRETARY OF EDUCATION VALERIE : | |
| S. WOODRUFF, KRIS BATTAGLINI, : | |
| SHANNON PALMER, : | |
| : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I, David H. Williams, hereby certify that on May 31, 2005, I electronically filed the attached **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** with the Clerk of Court using CM/ECF. I hereby certify that on May 31, 2005, I have mailed by United States Postal Service, the document to the following non-registered participants:

Mr. John Green
Box 143
17252-9 N. Village Main Blvd.
Lewes, DE 19958

JLB/014425-0008/1171894/1

MORRIS, JAMES, HITCHENS & WILLIAMS, LLP

*/s/ David H. Williams*
David H. Williams (#616)
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
Attorneys for Defendants Cape Henlopen School District, Kris Bataglini, Shannon Palmer, Jennifer Brierley, and Morris, James, Hitchens & Williams LLP
(dwilliams@morrisjames.com)

Dated: May 31, 2005

JLB/014425-0008/1171894/1