IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., | : |
| Plaintiff, | : |
| v. | : |
| CAPE HENLOPEN SCHOOL DISTRICT, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, JENNIFER BRIERLEY, ESQUIRE, GARY R. SPRITZ, ESQUIRE, VICKI MCGINLEY, NANCY HORTSMANN, SECRETARY OF EDUCATION VALERIE S. WOODRUFF, KRIS BATTAGLINI, SHANNON PALMER, | : C.A. No. 04-920 KAJ |
| Defendants. | : |

**DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT,
KRIS BATTAGLINI, SHANNON PALMER, MORRIS, JAMES, HITCHENS
& WILLIAMS LLP, AND JENNIFER BRIERLEY, ESQUIRE'S
MOTION FOR REARGUMENT**

Defendants Cape Henlopen School District ("the District"), Kris Battaglini ("Battaglini"), Shannon Palmer ("Palmer"), Morris, James, Hitchens & Williams LLP ("Morris, James"), and Jennifer Brierley, Esquire ("Brierley"), hereby move for reargument of the Court's December 13, 2005 Order pursuant to Local Rule 7.1.5 of the U.S. District Court of Delaware Local Rules. Moving Defendants seek dismissal from the above-captioned action for the following reasons:

1. On October 15, 2004, all nine (9) Defendants joined in the filing of a motion to dismiss the Complaint. Relying on *Collinsgru v. Palmyra Board of Education,* 161 F.3d 225 (3d Cir. 1998), Defendants argued Green cannot represent his child's interest in the federal courts of the Third Circuit, and licensed legal counsel must

enter an appearance to proceed. Among other things, Defendants argued Green failed to state a claim entitling him to relief, and the State Defendants asserted the protections of sovereign immunity, absolute, immunity, and qualified immunity.

2. On December 13th, 2005, the Court issued its Memorandum Opinion ruling that Green is not permitted to represent his son's interests in federal court. The Court dismissed all claims Green brought on his son's behalf. The Court, however, denied Defendants' Motion to Dismiss *"to the extent that Green presents a claim for violation of his own procedural due process rights."* (Mem. Op. at 15). The Court's December 13th Memorandum Opinion does not address the application of Green's remaining claims to each of the nine (9) Defendants individually, but rather refers to "Defendants" collectively.

3. The District, Battaglini, Palmer, Morris, James, and Brierley seek dismissal, or otherwise, a clarification of the Court's December 13th Memorandum Opinion. Throughout the Complaint, Green's claims alleging a violation of *his* rights are directed specifically to the administrative hearing process and actions taken by the Panel Defendants and Secretary Woodruff. (D.I. 1 at ¶¶s 5 – 9). The moving Defendants do not conduct or administer due process hearings in Delaware.

4. Unlike Pennsylvania, Delaware is a "single-tier" state. See 14 *Del. C.* § 3101 *et seq.*, and 14 DE ADMIN CODE § 925.[1] Parents seek a due process hearing directly from the state educational agency (i.e., the Department of Education), and do not have to first exhaust their remedies through a hearing with the local educational agency

---

[1] The Delaware Department of Education's regulations and corresponding state statutes and federal regulations are available in the *Administrative Manual for Special Education Services*, located at http:// www.doe.k12.de.us.

2

(i.e., the school district). To initiate a special education due process hearing, either a school district or a parent submits a written request to the Secretary of Education of the Delaware Department of Education. 14 *Del. C.* § 3135(b). School districts are parties to the administrative proceedings, and they carry the burden of proof. 14 *Del. C.* § 3140. Once a hearing request is received, the Secretary of Education appoints a three-member hearing panel. Each panel must consist of a Delaware attorney, an educator knowledgeable in the field of special education, and a layperson. 14 *Del. C.* § 3137(b),(d). All hearing panelists must successfully complete training as required by the Secretary of Education to ensure the adequate knowledge and competent performance of panelists. 14 *Del. C.* § 3137(c).

5.  The Secretary of Education must also ensure that, no later than forty-five (45) days after the receipt of a hearing request, the hearing is conducted, a final decision is reached on the merits, and a copy of the decision is mailed to the school district and the parents. 14 *Del. C.* § 3136.

6.  Pursuant to Delaware Department of Education regulations, the attorney panelist serves as chairperson of the Panel and presides over all hearings. 14 DE ADMIN CODE § 925.15.3. The attorney chairperson must establish a timeline for the hearing process (14 DE ADMIN CODE § 925.15.10), schedule the due process hearing (14 DE ADMIN CODE § 925.15.5), grant specific extensions of time, ensure a parent's right to redress is no way diminished or unnecessarily delayed (14 DE ADMIN CODE § 925.15.10), record the vote of each panelist, and forward a copy of the Panel's decision to the parties and the Department of Education (14 DE ADMIN CODE § 925.15.8). The hearing panel is also responsible for ensuring that parents have been advised of their

3

procedural safeguards provided by Title 14, Chapter 31 of the Delaware Code. 14 *Del. C.* § 3138(c).

7. A school district or a parent may seek judicial review of the Panel's decision. 14 *Del. C.* 3142. If sought, the Secretary of Education must certify and file with the court the record of the administrative hearing, including all documents submitted, a transcript of all testimony, and the written decision of the hearing panel. 14 *Del. C.* § 3142.

8. In short, neither the District, nor its counsel, has authority to conduct due process hearings in Delaware. Rather, the District, like Green, is a party in the administrative proceeding.

9. Green's claims alleging a violation of his *own rights* are directed specifically to the hearing process and the actions taken by the Panel Defendants, the Delaware Department of Education, and Secretary Woodruff (see, D.I. 1, ¶¶s 5, 6, 7, 8, 9) in that:

(a) Green alleges *the Panel chairperson* (i.e., Defendant Spritz), afforded him insufficient opportunity to cross-examine the District's witnesses (D.I. 1 at ¶ 7; D.I. 12 at 9, ¶¶s 39-40); ) and wrongly limited the amount of evidence he could present. (D.I. 1 at ¶ 7; D.I. 12 at 9, ¶ 38). Neither the District nor its counsel have the authority to control or limit Green's presentation of evidence in a due process hearing in Delaware. It is the role of the panel chairperson. See, 14 DE ADMIN CODE § 925.15.3. It is therefore not surprising that Green does not mention the District and its counsel in his allegation.

4

(b) Green alleges *the Panel chairperson* (i.e., Defendant Spritz) failed to accommodate Green's disability when he presented his case to the Panel. (See, D.I. 1 at 6). The District and its counsel are not mentioned in Green's allegation. Even if they were, the District and its counsel do not conduct, control, or administer due process hearings in Delaware and are not in a position to make accommodations.

(c) Green alleges the *lawyer hearing chairman* and *"the panel"* (i.e., Defendants McGinley, Hortsmann, and Sprtiz) denied him the opportunity for discovery (D.I. 1 at ¶ 8 & 9). The District and its counsel are not mentioned in the allegation at all. Even if they were, the panel chairperson rules on the appropriateness of discovery in a due process hearing in Delaware. See, 14 DE ADMIN CODE § 925.15.3.

(d) Green claims the *Panel attorney* (i.e., Defendant Spritz) held inappropriate pretrial conferences in which findings of fact and evidentiary disclosures were made without the full panel present. (D.I. 12 at 9, ¶ 41 & 42). Neither the District nor its counsel have any role in conducting or making rulings in pre-hearing conferences.

(e) Green claims his rights were violated because he received an inaccurate and incomplete transcript of the hearing. (D.I. 12 at 10, ¶¶s 36, 43). The Department of Education provides the transcript of the proceedings to parents, not the District and its counsel. 14 *Del. C.* § 3138.

(f) Green alleges the *Delaware Department of Education* refused to issue any subpoenas duces tecum. (D.I. 1 at ¶ 9). Green does not mention the

District and its counsel in his allegation. Even if he did, the exclusive authority to issue subpoenas is conferred upon the Secretary of Education. 14 *Del. C.* § 3139.

      WHEREFORE, the District, Battaglini, Palmer, Morris, James, and Brierley seek dismissal, or otherwise, a clarification of the Court's December 13th Memorandum Opinion. The Complaint does not state a claim against them to the extent Green's claims *in his own right* proceed, and dismissal is warranted as a matter of law.

      /s/ David H. Williams
_____
David H. Williams (#616)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com
    Attorneys for The Cape Henlopen School
    District, Kris Bataglini, Shannon Palmer,
    Morris, James, Hitchens & Williams LLP,
    Jennifer Brierley, Esquire

Dated: December 28, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., | : |
|           Plaintiff, | : |
| v. | : |
| CAPE HENLOPEN SCHOOL DISTRICT, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, JENNIFER BRIERLEY, ESQUIRE, GARY R. SPRITZ, ESQUIRE, VICKI MCGINLEY, NANCY HORTSMANN, SECRETARY OF EDUCATION VALERIE S. WOODRUFF, KRIS BATTAGLINI, SHANNON PALMER, | :    C.A. No. 04-920 KAJ |
|           Defendants. | : |

**ORDER**

On this _____ day of _____, **IT IS ORDERED** that Defendants the Cape Henlopen School District, Dr. Kris Battaglini, Shannon Palmer, Morris, James, Hitchens & Williams LLP, and Jennifer Brierley, Esquire's Motion seeking dismissal from the above-captioned action is granted.

_____
The Honorable Kent A. Jordan

1324248/1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CAPE HENLOPEN SCHOOL DISTRICT, : | C.A. No. 04-920 KAJ |
| MORRIS, JAMES, HITCHENS & : | |
| WILLIAMS LLP, JENNIFER BRIERLEY, : | |
| ESQUIRE, GARY R. SPRITZ, ESQUIRE, : | |
| VICKI MCGINLEY, NANCY : | |
| HORTSMANN, SECRETARY OF : | |
| EDUCATION VALERIE S. WOODRUFF, : | |
| KRIS BATTAGLINI, SHANNON : | |
| PALMER, : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2005, I electronically filed the attached **DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, KRIS BATTAGLINI, SHANNON PALMER, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, AND JENNIFER BRIERLEY, ESQUIRE'S MOTION FOR REARGUMENT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Mary L. Cooke, Esquire
>Deputy Attorney General
>Department of Justice
>102 West Water Street
>Dover, DE  19904
>
>Craig Fitzgerald, Esquire
>Deputy Attorney General
>Department of Justice
>102 West Water Street
>Dover, DE  19901

and a copy has been served by placing same in the United States Mail, postage prepaid, addressed to the following:

>John Green, Jr., Pro Se
>17252-9 North Village Main Boulevard
>Stop 143
>Lewes, DE  19958

>*/s/ David H. Williams*
>David H. Williams (I.D. No. 616)
>Morris, James, Hitchens & Williams LLP
>222 Delaware Avenue
>P.O. Box 2306
>Wilmington, DE 19899
>(302) 888-6900
>dwilliams@morrisjames.com
>    Attorneys for the Cape Henlopen School District, Dr. Kris Battaglini, Shannon Palmer, Morris, James, Hitchens & Williams LLP, Jennifer L. Brierley, Esquire

Date:  December 28, 2005

1324215/1