IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CAPE HENLOPEN SCHOOL DISTRICT, MORRIS, JAMES, HITCHENS & WILLIAMS, LLP, JENNIFER BRIERLEY, EQUIRE, GARY R. SPRITZ, ESQUIRE, VICKI MCGINLEY, NANCY HORSTMANN, SECRETARY OF EDUCATION VALERIE A. WOODRUFF, KRIS BATTAGLINI, SHANNON PALMER, | : : : : : : : : : | C.A. No. 04-920-KAJ |
| | : |
| Defendants. | : |

### DEFENDANTS VALERIE A. WOODRUFF, SECRETARY OF EDUCATION, GARY R. SPRITZ, ESQUIRE, VICKI MCGINLEY, AND NANCY HORSTMANN'S ANSWER TO THE COMPLAINT

COMES NOW Defendants, Secretary of Education Valerie A. Woodruff (the "Secretary of Education"), and Gary R. Spritz, Esquire, Dr. Vicki McGinley, and Nancy Horstmann ("Hearing Officer Defendants" and collectively with the Secretary of Education, the "Answering Defendants"), by and through their attorneys Craig R. Fitzgerald, Deputy attorney General and Mary L. Cooke, Deputy Attorney General, and answers the *Complaint* as follows:

1.      Admitted in part; denied in part. Admitted the Secretary of Education of the Delaware Department of Education (the "Department") appoints three-member hearing panels in accordance with 14 *Del. C.* § 3137(d) consisting of a Delaware attorney, and educator knowledgeable in the field of special education, and a layperson

with demonstrated interest in the education of children with disabilities. Admitted that private placement with financial aid is available to certain disabled pupils who meet the criteria under Delaware law. 14 *Del. C.* § 3124; 14 *Del. C.* § 604 (c ). The remainder of the averment is denied. By way of further response, serving on A.G.'s panel were Dr. Vicki McGinley (the educator member), Nancy Hortsmann (the layperson member) and the panel chairperson, Gary Spritz, Esquire (the Delaware attorney member) (collectively the "Hearing Panel Defendants"). Further, by their nature, administrative hearings are conducted by the governmental agencies charged with administering the laws at issue. The IDEA requires that the Department, as Delaware's state educational agency, provide Plaintiff with a hearing at his request. *See* 20 U.S.C. § 1415(f)(1); *see also* 34 CFR § 300.507(b) and 14 *Del. C.* § 3135. The IDEA prohibits an employee of the Department from conducting the hearing. *See* 20 USC 1415(f)(3). The IDEA regulations provide that a person otherwise eligible to conduct a hearing "is not an employee of the agency solely because he or she is paid by the agency to serve as a hearing officer." *See* 34 CFR 300.508(b). In short, the IDEA and corresponding state law not only permit, but also specifically contemplate that due process hearings will be conducted by people who are paid for their services by the Department. As the Delaware Supreme Court recently observed, while there is no question of the importance of the individual interests involved in IDEA due process hearings, parties to these hearings "are already provided with substantial procedural safeguards." *In re Arons*, 756 A.2d 867, 874 (Del. 2000), *cert. denied*, 532 U.S. 1065 (2001).

    2.    Denied. By way of further response, the Hearing Panel Defendants were all Department certified hearing panelists at the time of their appointment, having

completed the initial DOE hearing officer training and re-certification requirements, if applicable, pursuant to 14 *Del. C.* § 3137(c). In addition to requiring that hearing officers be impartial and not be an employee of the district, the IDEA affords the states significant latitude in structuring and administering its hearing system. 20 U.S.C. §1415(f)(1). Delaware's hearing system <u>exceeds</u> the IDEA requirements. For example, Delaware law, not the IDEA requires that hearing officers complete training to "ensure the adequate knowledge and competent performance" of each panel member. 14 *Del. C.* §3137(c). Delaware precludes hearing officers who have a "personal or professional interest" that would conflict with the hearing officers' objectivity in the hearing. 14 *Del. C.* § 3137(a). Further, prospective hearing panelists, including the Hearing Panel Defendants, are assigned to due process hearings on a rotating basis off a list maintained by the Department. Lastly, the Hearing Panel Defendants were contractually paid a flat-fee, plus expenses, by the Department for their professional services, to wit, $1,300 to the hearing chair and $1,000 to the educator and lay person hearing panel members.

  3. Denied.

  4. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment. Denied, as to the Hearing Officer Defendants, that Defendant Spritz chose to question the motive and qualifications of witnesses from Johns Hopkins - Kennedy Kreiger Institute presented by Plaintiff. By way of further response, the administrative hearing took place over the course of six (6) days – February 6, February 18, February 24, March 15, March 27 and March 29, 2004. The record further consisted of approximately 968 pages of Exhibits introduced by the Cape Henlopen School District, 1325 pages of Exhibits submitted by Plaintiff, as well as Exhibits by

A.G.'s mother and the State. After reviewing the totality of the record, the Hearing Panel Defendants rejected the opinion of the Kennedy Kreiger Institute witnesses, who had not spoken to A.G.'s teachers nor observed his placement within the District, that a private residential placement was necessary to provide A.G. with a free appropriate public education. The Hearing Officer Defendants are without sufficient information or knowledge to affirm or deny the balance of the allegations in Paragraph 4.

5. Denied, except admitted Plaintiff's due process hearing request was received by the Secretary of Education on January 5, 2004 and the Panel's decision was dated May 6, 2004.

6. Denied as to the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

7. Denied as to the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

8. Denied as to the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment. By way of further response, there are no provisions within the IDEA, or Title 14, Chapter 31 of the *Delaware Code* which allow either party to a due process proceeding to serve discovery requests in the course of an administrative proceeding. There are also no provisions which require the parties to respond to discovery requests. Finally, there are no provisions which authorize the administrative panel to order parties to comply with discovery requests. Instead, the parties are obligated to exchange their evidentiary disclosures 5 business days before the hearing. 34 CFR § 300.509(b); 14 *Del. C.* § 3138. In addition, Plaintiff, as A.G.'s father, had the right to inspect and review his son's

education records that were collected, maintained, or used by the District. This right of access exists under the IDEA (34 CFR § 300.562), and the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g).

      9.    The Hearing Panel Defendants deny that they refused any form of discovery for the reasons set forth in paragraph 8 hereof. By way of further response, the parties are obligated to exchange their evidentiary disclosures 5 business days before the hearing. 34 CFR § 300.509(b); 14 *Del. C.* § 3138. The Hearing Panel Defendants are without sufficient information or knowledge to affirm or deny the balance of the allegations in paragraph 9. The Secretary of Education admits that the Department refused to issue a subpoena duces tecum. By way of further answer, the Secretary of Education is not authorized to issue a subpoena duces tecem pursuant to 14 *Del. C.* § 3139. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the remainder of the averment.

      10.    Denied as to the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

      11.    Denied as to the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

      12.    Denied.

      13.    Denied.

      14.    Denied.

      15.    Denied on behalf of the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment. By way of further response, the IDEA requires only that the educational agencies

"consider", not implement, the results of an independent evaluation. 20 U.S.C. § 1415(b)(1); 34 CFR § 300.502(c)(1). Likewise, there is no legal requirement that the Hearing Officer Defendants give an independent evaluation any more evidentiary weight than any other evidence admitted during a due process hearing.

16. Denied on behalf of the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

17. Denied on behalf of the Hearing Officer Defendants. The Secretary of Education is without sufficient knowledge to form a belief as to the truth of the averment.

## FIRST DEFENSE

Plaintiff fails to state a claim against Answering Defendants upon which relief may be granted.

## SECOND DEFENSE

The Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity bar any claim for damages against the Department of Education and the Secretary of Education.

## THIRD DEFENSE

Answering Defendants are entitled to qualified immunity.

## FOURTH DEFENSE

The Hearing Officer Defendants are entitled to absolute immunity.

## FIFTH DEFENSE

Plaintiff lacks standing to bring claims in his individual capacity. A.G. is the real party in interest.

### SIXTH DEFENSE

Plaintiff was afforded procedural and substantive due process in connection with the administrative proceedings as required by law.

### SEVENTH DEFENSE

Plaintiff cannot represent his minor child's interests *pro se* before this Court. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225 (3rd Cir.1998).

WHEREFORE, Defendants respectfully request this action be dismissed with prejudice with all costs and fees assessed against Plaintiff.

| | |
|---|---|
| DEPARTMENT OF JUSTICE<br>STATE OF DELAWARE | DEPARTMENT OF JUSTICE<br>STATE OF DELAWARE |
| */s/ Mary L. Cooke*<br>Mary L. Cooke, I.D. #3441<br>Deputy Attorney General<br>102 W. Water Street<br>Dover, DE 19904<br>(302) 739-7641<br>mary.cooke@state.de.us<br>Attorney for Gary R. Spritz, Esq.,<br>Dr. Vicki McGinley, and<br>Nancy Horstmann | */s/ Craig R. Fitzgerald*<br>Craig R. Fitzgerald, I.D. #3730<br>Deputy Attorney General<br>102 W. Water Street<br>Dover, DE 19904<br>(302) 739-7641<br>craig.fitzgerald@state.de.us<br>Attorney for Secretary of Education<br>Valerie Woodruff |

Dated:  January 13, 2006

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on January 13, 2006, I electronically filed the Defendants Valerie A . Woodruff, Secretary of Education, Gary R. Spritz, Esquire, Vicki McGinley and Nancy Hortsmann's Answer to the Complaint with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: David Williams, Esquire.  I hereby certify  that on January 13, 2006, I have mailed the document by regular mail to the following non-registered participant:

>Mr. John Green
>Box 143
>17252-9 N. Village Main Blvd.
>Lewes, DE 19958

>/s/ Craig R. Fitzgerald
>Craig R. Fitzgerald, I.D. #3730
>Deputy Attorney General
>102 West Water Street
>Dover, DE 19901
>(302) 739-7641
>**craig.fitzgerald@state.de.us**