IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR. | : |
| Plaintiff, | : C.A. No. 04-920-KAJ |
| CAPE HENLOPEN SCHOOL DISTRCT, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, JENNIFER L. BRIERLEY, ESQUIRE, VICIE MCGINLEY, NANCY HORTSMAN, SECRETARY OF EDUCATION VALERIE WOODRUFF, SHANNON PALMER, KRIS BATTAGLINI, | : |
| Defendants. | : |

**DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, KRIS BATTAGLINI, SHANNON PALMER, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, AND JENNIFER L. BRIERLEY, ESQUIRE'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants the Cape Henlopen School District ("the District"), Kris Battaglini, Shannon Palmer, Morris, James, Hitchens & Williams LLP, and Jennifer L. Brierley, Esquire (collectively "the District Defendants and Counsel") oppose Green's Motion to Amend the Complaint for the following reasons:

1. This action was originally initiated by Green in August 2004 by Green attempting to seek judicial review of the May 2004 Administrative Panel Decision on behalf of his son under the Individuals With Disabilities Education Act ("the IDEA") and Title 14, Chapter 31 of the Delaware Code.

2. Green now seeks to amend his Complaint approximately 17 months later with pages of generalized and conclusory allegations and interspersed legal terms and legal phrases. The Court's December 13, 2005 Memorandum Opinion limits Green to the assertion of

claims in his own right with respect to the Administrative Due Process Hearing conducted for his son. Green proposes to amend his Complaint by re-asserting claims on his son's behalf, referring to events which post-date the Administrative Panel Decision, asserting educational policy arguments, and alleging inaccurate conclusions of law. At random, Green also attempts to add eleven Defendants with no clear statement of how each Defendant violated a legally cognizable right owed to Green. In all respects, the amendments would be futile against the District Defendants and Counsel.

3.  Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course before a responsive pleading is served. Once a responsive pleading is served, a pleading may be amended only with the consent of the adverse party or by leave of court, and such leave is to be freely given. Fed. R. Civ. P. 15(a). Denial of a motion for leave to amend is within the discretion of the District Court. *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989). Factors to be considered include undue delay, undue prejudice to the opposing party, futility of the amendment, bad faith, and dilatory motive. *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998); *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir. 1983). An amendment is futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. *Smith, supra.* at 190. In determining whether the amendment would be futile, the District Court applies the same standard of legal sufficiency as under Fed. R. Civ. P. 12(b)(6). *Id.*

4.  In this case, even if the Court affords Green's proposed amendments a liberal reading, the amendments fail as a matter of law against the District Defendants and Counsel. The proposed Amended Complaint is replete with allegations Green asserts on his son's behalf. It is apparent Green ignores the Court's December 13, 2005 Memorandum Opinion by

attempting to re-assert his son's substantive rights to a free, appropriate public education under the IDEA as he did in the original Complaint. While Green has certain procedural rights under the IDEA, the Third Circuit has recognized such rights exist only for the purpose of enforcing the substantive rights of the child. *Collinsgru v. Palmyra Board of Education*, 161 F.3d 225 (3d Cir. 1998); *Irene v. Philadelphia Academy Charter School,* 2003 WL 24052009, C.A. 02-1716, Yohn J. (E.D. Pa. January 29, 2003). The entire purpose of the IDEA is to assure that children with disabilities receive a free, appropriate public education. 20 U.S.C. § 1400 *et seq.* Because Green lacks independent substantive rights under the IDEA, he has no standing to sue in his own right. *Collinsgru, supra.; Irene, supra*. While Green certainly has the right to enforce his son's substantive rights under the IDEA, the child must be represented by legal counsel in the federal courts of the Third Circuit *Collinsgru, supra.*

5.  In addition to Green's efforts to assert his son's substantive rights under the IDEA, the proposed Amended Complaint alleges violations "beginning September 10, 2001 and continuing to this date." (proposed Amended Complaint, at Page 4, Lines 3 and 4). Alleged violations which post-date the matters addressed at the Administrative Hearing are subject to the requirement that administrative remedies must first be exhausted. *Lester H. v. Gilhool*, 916 F.2d 865 (3d Cir. 1990). This exhaustion requirement of the IDEA cannot be circumvented by reciting what is in essence an IDEA claim as some other cause of action such as a § 1983 action. *Pardini v. Allegheny Intermediate Unit*, 280 F. Supp.2d 447 (W.D. Pa. 2003).

6.  Green generally refers to the No Child Left Behind Act ("NCLBA") in the proposed amended Complaint. Green does not, however, identify a specific provision of the NCLBA, nor does he state how the District Defendants and Counsel allegedly violated it. Regardless, there is no private cause of action for individuals under the NCLBA, nor is there is a

3

basis for a claim to enforce it under Section 1983. See, *Association of Community Organization for Reform Now v. New York City Department of Education*, 269 F.Supp.2d 338 (S.D.N.Y. 2003); *Fresh Start Academy v. Toledo Board of Education*, 363 F.Supp.2d 910. Thus, even if Green stated a more coherent claim, it would fail as a matter of law.

       7.     In the same respect, Green generally refers to the Family Educational Rights and Privacy Act ("FERPA") in the proposed Amended Complaint. Green does not refer to a specific provision of FERPA, nor does he articulate how the District Defendants and Counsel allegedly violated it. Even if he did, the claim would fail as a matter of law because FERPA does not create a private right of action, either directly or through Section 1983. *Gonzaga University v. Doe,* 536 U.S. 273, 122, S.Ct. 2268, 153 L.Ed.2d 309 (2002); *Millington v. Temple University School of Dentistry,* 2006 WL 83447, C.A. 04-3965, Bartle, J. (E.D. Pennsylvania, January 9, 2006) (Attachment "A"); *P.N and G.N. v. Greco,* 282 F. Supp.2d 221 (D.N.J. 2003).

       8.     Finally, Green's allegations center upon his contention his rights were violated throughout the Administrative Due Process Hearing conducted for his son. Neither the District Defendants nor their Counsel have any role in conducting, controlling, or administering the Administrative Due Process Hearing. See, 14 *Del. C.* § 3101 *et seq.*; 14 DE ADMIN CODE § 925. In addition, the eleven Defendants Green attempts to add had no role in conducting, controlling, or administering the Administrative Due Process Hearing (i.e., Dane A. Brandenberger, the former District Superintendent; George Stone, the current District Superintendent; Lynn Van Hauter, a teacher employed by the District; and members of the Cape Henlopen Board of Education). *Id.*

4

WHEREFORE, the District Defendants and Counsel respectfully request the Motion to Amend the Complaint be denied.

          MORRIS, JAMES, HITCHENS & WILLIAMS LLP

          */s/ David H. Williams*
          David H. Williams (#616)
          dwilliams@morrisjames.com
          222 Delaware Avenue
          P.O. Box 2306
          Wilmington, DE 19899
          (302) 888-6900
          Attorneys for Defendants Cape Henlopen School District,
           Kris Battaglini, Shannon Palmer, Morris, James,

Dated: March 13, 2006          Hitchens & Williams, and Jennifer Brierley, Esquire

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GREEN, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPE HENLOPEN SCHOOL DISTRICT, | : | |
| MORRIS JAMES, HITCHENS & | : | C.A. No. 04-920 KAJ |
| WILLIAMS LLP, JENNIFER BRIERLEY, | : | |
| ESQUIRE, GARY R. SPRITZ, ESQUIRE, | : | |
| VICKI MCGINLEY, NANCY | : | |
| HORTSMAN, SECRETARY OF | : | |
| EDUCATION VALERIE S. WOODRUFF, | : | |
| KRIS BATTAGLINI, SHANNON | : | |
| PALMER, | : | |
| | : | |
| Defendants. | : | |

## ORDER

On this ____ day of _____, IT IS ORDERED that the Plaintiff's Motion to Amend the Complaint is DENIED.

_____
The Honorable Kent A. Jordan

1359971/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GREEN, JR., | : |
| Plaintiff, | : |
| v. | : |
| CAPE HENLOPEN SCHOOL DISTRICT, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, JENNIFER BRIERLEY, ESQUIRE, GARY R. SPRITZ, ESQUIRE, VICKI MCGINLEY, NANCY HORTSMANN, SECRETARY OF EDUCATION VALERIE S. WOODRUFF, KRIS BATTAGLINI, SHANNON PALMER, | : C.A. No. 04-920 KAJ |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2006, I electronically filed the attached **DEFENDANTS CAPE HENLOPEN SCHOOL DISTRICT, KRIS BATTAGLINI, SHANNON PALMER, MORRIS, JAMES, HITCHENS & WILLIAMS LLP, AND JENNIFER BRIERLEY, ESQUIRE'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    Mary L. Cooke, Esquire
    Deputy Attorney General
    Department of Justice
    102 West Water Street
    Dover, DE  19904

    Craig Fitzgerald, Esquire
    Deputy Attorney General
    Department of Justice
    102 West Water Street
    Dover, DE  19901

and a copy has been served by placing same in the United States Mail, postage prepaid, addressed to the following:

> John Green, Jr., Pro Se
> 17252-9 North Village Main Boulevard
> Stop 143
> Lewes, DE 19958

*/s/ David H. Williams*
David H. Williams (I.D. No. 616)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900
dwilliams@morrisjames.com
    Attorneys for the Cape Henlopen School
    District, Dr. Kris Battaglini, Shannon
    Palmer, Morris, James, Hitchens & Williams
    LLP, Jennifer L. Brierley, Esquire

Dated: March 13, 2006

1324215/1