**Westlaw.**

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1832854 (E.D.Pa.)

**(Cite as: 2002 WL 1832854 (E.D.Pa.))**

Page 1

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Matthew CARPENTER, Plaintiff,
v.
PENNELL SCHOOL DISTRICT ELEMENTARY UNIT, Defendants.
Matthew CARPENTER, Tiffany CARPENTER, and Shannon CARPENTER, Plaintiffs,
v.
CHILDREN & YOUTH SERVICES, Defendants.
Nos. CIV.A. 01-6270, CIV.A. 02-625.

Aug. 9, 2002.

Parent of special needs child filed separate suits against school district asserting claims under Individuals with Disabilities Education Act (IDEA) on behalf of himself and his daughter, seeking both money damages and injunctive relief, and against County Children and Youth Services (CYS) seeking, inter alia, custody of both his daughters. Defendants moved to dismiss complaints. The District Court, DuBois, J., held that: (1) parent could not bring suit on his own behalf under IDEA; (2) parent was neither a lawyer nor the legal custodian of his daughters and could not bring suits on their behalf; and (3) custody matter was purely state issue and *Rooker-Feldman* doctrine barred consideration of request to reverse state custody decree.

Motions granted.

West Headnotes

[1] Schools ⚖155.5(2.1)
345k155.5(2.1) Most Cited Cases
Parent of child with special needs could not bring suit on his own behalf under IDEA. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

[2] Attorney and Client ⚖11(2.1)
45k11(2.1) Most Cited Cases
Pro se nonlawyer parents may not represent their children in federal proceedings.

[3] Schools ⚖155.5(2.1)
345k155.5(2.1) Most Cited Cases
Father of special needs child, and another daughter, was not their legal custodian and thus was not their "parent" within meaning of, and thus could not sue on their behalf under, IDEA; state court orders giving mother sole custody extinguished all of father's legal rights under IDEA. Individuals with Disabilities Education Act, § 602(19), 20 U.S.C.A. § 1401(19).

[4] Federal Courts ⚖8
170Bk8 Most Cited Cases
Federal district court has no jurisdiction over a child custody matter, which is purely a state law issue.

[5] Courts ⚖509
106k509 Most Cited Cases
*Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction when in order to grant the federal plaintiff the relief sought, the federal court must determine that a state court judgment was erroneously entered or must take action that would render that judgment ineffectual.

MEMORANDUM

JAN E. DuBOIS, Judge.

I. *INTRODUCTION*

\*1 Presently before the Court are Motions to Dismiss the Complaints filed in each of these

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 2002 WL 1832854 (E.D.Pa.)

**(Cite as: 2002 WL 1832854 (E.D.Pa.))**

related cases. Plaintiff Matthew Carpenter, proceeding *pro se*, filed separate suits against the Penn Delco School District ("Penn Delco" or "District"), [FN1] and Delaware County Children and Youth Services ("CYS"). In the Penn Delco case, plaintiff asserts claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401, *et seq.* ("IDEA"), on behalf of himself and his daughter, Tiffany Carpenter, a student at the Pennell Elementary School, seeking both money damages and injunctive relief. In the CYS case, plaintiff asserts claims under IDEA on behalf of himself and both of his daughters, Tiffany and Shannon Carpenter, seeking money damages and injunctive relief, including custody of his daughters. In addition, plaintiff seeks relief that may be available only under 42 U.S.C. § 1983 and the Rehabilitation Act, 29 U.S.C. § 794, although he does not mention those statutes in his Complaints. For the reasons set forth below, the Motion to Dismiss both cases will be granted.

> FN1. Plaintiff named "Pennell School District Elementary Unit" as the defendant in the first suit, No. 01-6270. The real party in interest is Penn Delco School District.

II. *BACKGROUND*

Plaintiff has two daughters, Shannon and Tiffany Carpenter. Kathy Kleiner, the mother of the children, has sole legal custody of the children as a result of the Court of Common Pleas of Delaware County's orders dated March 7, 2001, and November 30, 2001. Both of plaintiff's Complaints relate to his concerns about the welfare of his children.

In the Penn Delco suit, plaintiff filed a *pro se* Complaint against "Pennell Elementary School," the school where Tiffany Carpenter is enrolled, on December 12, 2001, and moved to proceed *in forma pauperis*. On December 27, 2001, this Court, by Memorandum and Order, granted the motion to proceed *in forma pauperis*, but dismissed the Complaint without prejudice on the ground that it was legally frivolous. *See Carpenter v. Pennell Sch.* *Dist. Elem. Unit*, No. 01-6270, 2001 WL 1667566 (E.D.Pa. Dec.27, 2001). Plaintiff filed the current *pro se* Amended Complaint on February 6, 2002. The District filed a Motion to Dismiss on May 13, 2002.

Plaintiff's daughter, Tiffany Carpenter, is a child with special needs, of which needs the District is aware. In the past, plaintiff has been to the school and participated in matters related to Tiffany's education. Plaintiff alleges that on January 10, 2001, he requested that the District evaluate Tiffany, and that the District declined to conduct such an evaluation at that time. [FN2]

> FN2. In correspondence to the Court, the District reported that, in 2001, it adopted the evaluation of Tiffany Carpenter performed by her former school district, Upper Darby School District, and that it re-evaluated Tiffany Carpenter in January 2002. The parties' dispute as to whether the District conducted the proper evaluations does not affect the Court's disposition of the pending motion.

In his Complaint, plaintiff sets forth an exhaustive list of alleged "failures" on the part of the District with respect to Tiffany's education. This list includes dozens of alleged violations under IDEA and Pennsylvania statutory law and regulations.

Plaintiff seeks relief against the District in the form of an immediate re-evaluation of Tiffany. He also seeks compensatory education, damages, "wrap-around" services, an educational placement that can meet Tiffany's needs, an investigation with CYS in conjunction with the District, a declaratory judgment that defendant violated plaintiff's rights, and a hearing before a Grand Jury.

In the suit against CYS, plaintiff filed his Complaint on February 6, 2002, the same date on which he filed his Amended Complaint against the District. On April 3, 2002, CYS filed a Motion to Dismiss. Plaintiff's claim against CYS includes at least seven different categories of allegations of CYS's failures to act, including its (1) failure to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2002 WL 1832854 (E.D.Pa.)
(Cite as: 2002 WL 1832854 (E.D.Pa.))

remove plaintiff's children from the custody of their mother; (2) failure to locate the children when their mother relocated; (3) failure to investigate allegations of abuse; (4) failure to act on plaintiff's complaints; (5) failure to transport the children for visitation; (6) failure to prevent mental abuse of the children; (7) and failure to investigate Tiffany's "school situation."

*2 Plaintiff seeks the following forms of relief in the CYS suit: (1) this Court's assumption of jurisdiction over the custody matter; (2) a declaratory judgment stating that CYS violated plaintiff's rights; (3) "wrap-around" services for Tiffany and Shannon; (4) placement of this case before a Grand Jury; (5) custody of Tiffany and Shannon; and (6) $25 million.

Because plaintiff's allegations in both cases raise similar issues, and because plaintiff is proceeding *pro se*, the Court held a telephone conference with all parties on June 10, 2002. During the conference, the Court explained the applicable law to *pro se* plaintiff and told him that neither of his Complaints states a cause of action. In addition, in an effort to facilitate a resolution of these cases, the Court requested that counsel for each defendant look into plaintiff's concerns with respect to his Tiffany's education and the custody matter and report to the Court and plaintiff. Both defendants complied with the Court's request, [FN3] but the parties have been unable to resolve their differences. Accordingly, the Court will now address the issues raised in the pending motions.

> FN3. The Court extends its appreciation to defense counsel for proceeding in this manner.

III. *DISCUSSION*

A. PLAINTIFF'S CLAIMS AGAINST THE DISTRICT AND CYS UNDER IDEA

[1] Plaintiff may not seek relief under IDEA for several reasons. First, plaintiff may not bring suit on his *own* behalf under IDEA because, as the Third Circuit held in *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 227 (1998), he does not have substantive rights under that Act. In *Collinsgru*, the Third Circuit discussed at length the consideration of parental rights under IDEA, and held that although IDEA provides parents with some individual procedural rights, "Congress's decision to endow parents with these procedural rights should not be read, under the language of the IDEA, to imply that parents also possess the same underlying substantive rights that their children possess." *Id.* at 227. Furthermore, the *Collinsgru* court refused to read joint parental substantive rights into IDEA, holding, "[b]ecause neither the statutory language nor the legislative history clearly implies that Congress intended parents to have joint rights with their children under the IDEA, we will not read joint rights into the Act." *Id.* at 235. Thus, plaintiff may not assert any of his own--or joint--substantive rights under IDEA.

[2] Second, plaintiff may not prosecute claims on behalf of his children. The Third Circuit has held that *pro se* non-lawyer parents may not represent their children in federal proceedings. See *Collinsgru*, 161 F.3d at 231 (citing *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir.1991)) ("It is ... well-established in this Circuit that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court."). As the Third Circuit has explained, the purpose of this rule is to protect the interests of the children: "[i]t goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriyie*, 937 F.2d at 883 (citing *Meeker v. Kercher* 782 F.2d 153, 154 (10th Cir.1986)).

*3 [3] Plaintiff may not bring these suits against the defendants on behalf of his children for another reason: he is not the legal custodian of his daughters. Kleiner, the girls' mother, maintains sole legal and physical custody of both children. Under IDEA, only a parent may bring suit on behalf of a child. IDEA defines a "parent" to include either a legal guardian or a surrogate parent. 20 U.S.C. §

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 1832854 (E.D.Pa.)
(Cite as: 2002 WL 1832854 (E.D.Pa.))

1401(19). The legal definition of parenthood under IDEA incorporates state law. "[N]othing in the IDEA overrides states' allocation of authority as part of a custody determination." *Navin v. Park Ridge Sch. Dist. 64,* 270 F.3d 1147, 1149 (7th Cir.2001). In this case, the state court orders giving Kleiner sole custody extinguished all of plaintiff's legal rights as a parent under IDEA. [FN4] Plaintiff therefore has no legal rights as a parent under IDEA.

> FN4. The Court of Common Pleas' custody order directs that there be "no contact of any kind between father & children." District's Ex. B.

B.  PLAINTIFF'S REMAINING CLAIMS AGAINST CHILDREN AND YOUTH SERVICES

[4][5] To the extent plaintiff seeks relief under § 1983 or the Rehabilitation Act, he may not do so because the relief sought by plaintiff is dependent, in one form or another, upon a reversal or modification of the state court's custody decree. First, the Court has no jurisdiction over a custody matter, which is purely a state law issue. Second, because plaintiff seeks reversal of the custody decree, the *Rooker-Feldman* doctrine bars the Court from considering this request. "That doctrine prevents a federal court from exercising jurisdiction 'when in order to grant the federal plaintiff the relief sought, the federal court must determine that [a] state court judgment was erroneously entered or must take action that would render that judgment ineffectual.' " *Southeastern Pa. Transp. Auth. v. Pa. Pub. Util. Comm'n,* 2002 WL 1485267, at *13 (E.D.Pa. July 12, 2002) (quoting *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996)).

IV. *CONCLUSION*

*4 For the foregoing reasons, the Court will grant the motions of both defendant Penn Delco School District and defendant Children and Youth Services to dismiss the Complaints and enter judgment in favor of defendants and against plaintiff.

ORDER

AND NOW this 9th day of August, 2002, upon consideration of the Motion to Dismiss Amended Complaint of Defendant Penn Delco School District, incorrectly named Pennell School District Elementary Unit (No. 01-6270, Document No. 10, filed May 13, 2002); defendant Children and Youth Services' Motion to Dismiss Plaintiffs' Complaint (No. 02-625, Document No. 6, filed April 3, 2002); and related filings, for the reasons stated in the attached Memorandum, IT IS ORDERED, as follows:

1. The Motion to Dismiss Amended Complaint of Penn Delco School District, incorrectly named Pennell School District Elementary Unit (No. 01-6270, Document No. 10, filed May 13, 2002) is GRANTED and plaintiff's Amended Complaint (No. 01-6270, Document No. 4, filed February 6, 2002) is DISMISSED WITH PREJUDICE; and JUDGMENT IS ENTERED in FAVOR of defendant, Penn Delco School District, incorrectly named Pennell School District Elementary Unit, and AGAINST plaintiff, Matthew Carpenter;

2. Defendant Children and Youth Services' Motion to Dismiss Plaintiffs' Complaint (No. 02-625, Document No. 6, filed April 3, 2002) is GRANTED and plaintiff's Complaint (No. 02-625, Document No. 1, filed February 6, 2002) is DISMISSED WITH PREJUDICE; and JUDGMENT IS ENTERED in FAVOR of defendant, Children and Youth Services, and AGAINST plaintiffs, Matthew Carpenter, Tiffany Carpenter, and Shannon Carpenter.

Not Reported in F.Supp.2d, 2002 WL 1832854 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:02CV00625 (Docket) (Feb. 06, 2002)

• 2:01CV06270 (Docket) (Dec. 12, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.