Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)

**(Cite as: 2001 WL 1593222 (D.Del.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Edward A. HOHMAN, Plaintiff,
v.
STATE OF DELAWARE DEPARTMENT OF
CORRECTIONS Defendant.
**No. 01-562-GMS.**

Dec. 11, 2001.

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

*1 In August 2001, Edward A. Hohman filed a complaint alleging that his employer, the Delaware Department of Corrections ("DDC"), discriminated against him based on his disability. Count One of the complaint alleges discrimination under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. § 1343(4) (2001). Count Two alleges a violation of Hohman's rights under the Delaware Handicapped Persons Employment Protections Act, 19 Del. C. §§ 720-727 (1995).

Two motions are presently before the court. Hohman moves pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend his complaint to add a third count of discrimination under the Rehabilitation Act, 29 U.S.C. § 794(a) (1994). Next is the DDC's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, Hohman's motion to amend will be denied and DDC's motion to dismiss will be granted.

II. BACKGROUND

Edward Hohman began working for the DDC in 1977. At some point during his tenure at the DDC, he was assigned to the Supervised Custody section. Although the DDC receives federal funds, the Supervised Custody program is funded solely through the state budget.

On September 13, 1997, Hohman underwent heart bypass surgery. He returned to work on November 3, 1997, with a medical restriction prohibiting him from engaging in any "prolonged physical exertion." When Hohman mentioned this restriction to his supervisor, he was told that he should find alternative employment by November 14, 1997, or be terminated. When Hohman requested a reassignment, he was told that there were no positions available for a worker with his medical restrictions. Hohman was terminated on November 14, 1997.

Hohman filed a discrimination charge with the Delaware Department of Labor ("DDOL") on February 11, 1998. The DDOL found that Hohman had been discriminated against based on his disability. The case was then referred to the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC"). On May 30, 2000, the EEOC indicated that it also believed Hohman was discriminated against under Title I of the ADA and invited the parties to resolve the matter. Reconciliation efforts were unsuccessful. On May 14, 2001, the EEOC issued a right-to-sue letter permitting Hohman to sue "under Title I of the Americans with Disabilities Act .... within 90 days of your receipt of this notice." (D.I.1 at Exh. C.)

On August 16, 2001, Hohman filed his original complaint in this court. Count One of the complaint alleges discrimination under Title I of the ADA.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2

Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)

**(Cite as: 2001 WL 1593222 (D.Del.))**

Hohman claims he was capable of performing and needed only a reassignment to light duty work, but that this request was denied. Hohman claims that at all times, the defendant's actions were intentional and solely based on his disability. Count Two of the complaint raises the same issue under the Delaware Handicapped Persons Employment Protections Act. Hohman requests monetary damages and reinstatement with back pay.

*2 On September 6, 2001, the DDC filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). In its motion, the DDC asserts that Hohman cannot recover monetary damages because the Eleventh Amendment precludes an award of money damages from a state agency such as the DDC. The DDC notes that pursuant to *Board of Trustees of the University of Alabama v. Garrett,* 121 S .Ct. 955, 962 (2001), the ADA does not abrogate the states' sovereign immunity. Therefore, according to the DDC, the court has no jurisdiction. Finally, the DDC contends that since, in its view, the court lacks subject matter jurisdiction over the ADA claim, the court should also refuse to hear the state law claim.

On September 20, 2001, Hohman filed an opposition to the DDC's motion to dismiss and a motion for leave to amend his complaint. Hohman's opposition asserts that the court has jurisdiction under the ADA because the rule in *Garrett* does not apply where injunctive relief is sought. The DDC responds by arguing that the *Ex Parte Young* doctrine makes injunctive relief unavailable where the defendant is a state agency. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993).

Hohman also asserts that the complaint as amended will give the court subject matter jurisdiction. Proposed Count III claims a violation of section 504 of the Rehabilitation Act. Hohman contends that the DDC is subject to the Rehabilitation Act because it is an agency that receives federal assistance. The DDC counters by arguing that Hohman's Rehabilitation Act claim is time-barred and, therefore, the proposed amendment is futile. Hohman did not respond to this argument. [FN1]

The DDC further contends that the Rehabilitation Act is inapplicable because although the DDC received federal funds, the specific program that Hohman worked in did not. [FN2]

> FN1. According to the electronic docketing report ("CHASER"), Hohman's response to the DDC's opposition to his motion for leave to amend was due on October 9, 2001. Hohman never filed a responsive brief.

> FN2. As explained below, the court agrees with the DDC that the Rehabilitation Act claim is time-barred. Therefore, the court need not and will not reach the DDC's arguments regarding the applicability of the Rehabilitation Act. Similarly, the court will not consider the DDC's arguments concerning the constitutionality of the *Garrett* decision.

III. DISCUSSION

Since the motion to amend and the motion to dismiss require the application of separate standards of review, the court will address each motion in turn.

A. Hohman's Motion to Amend

Permission to amend a pleading "shall be freely given whenever justice so requires." Fed. R. Civ. P. 15(a). *See also Foman v.. Davis,* 371 U.S. 178, 182 (1962) (same). Nevertheless, a court can deny a motion to amend if the motion is motivated by bad faith or if granting the motion will result in undue delay or prejudice to the opposing party. *See Cureton v. NCAA,* 252 F.3d 267, 273 (3d Cir.2001) (citations omitted). Furthermore, the doctrine of futility allows the court to refuse any amendment that fails to state a cause of action. *See id.* An amendment is futile if the claim it presents would be barred by the statute of limitations. *See Jablonski v. Pan American World Airways,* 863 F.2d 289, 292 (3d Cir.1988) (refusing to allow amendment where claim was time barred).

Of the four grounds listed above, only futility is at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                               Page 3
Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)
**(Cite as: 2001 WL 1593222 (D.Del.))**

issue here. Hohman's amendment is futile because his Rehabilitation Act claim is time-barred. A cause of action under the Rehabilitation Act accrues at the time of the discriminatory act. *See Toney v. U.S. Healthcare,* 840 F.Supp. 357, 359 (E.D.Pa.1993). Since the Rehabilitation Act does not contain a statute of limitations, the applicable statute of limitations is the forum state's personal injury claims statute. *See McMenamin v. Philadelphia,* No.CIV.A.99- 5156, 2000 WL 873321, at *2 (E.D. Pa. June 13, 2000) (citing *Felder v. Casey,* 487 U.S. 131, 145-46 (1988); *Toney,* 840 F.Supp. at 360. Delaware's statute of limitations for personal injury actions is two years. Del.Code. Ann. tit. 10, § 8119 (1999).

*3 In this case, the allegedly discriminatory act was the DDC's termination of Hohman due to his disability. The termination occurred on November 14, 1997. Therefore, Hohman's action accrued on that date. However, Hohman did not file a Rehabilitation Act claim until 2001. This four year lapse is well beyond the two year period specified by Delaware law. Therefore, the Rehabilitation Act claim is now time-barred. [FN3]

> FN3. In its Opposition to the Motion to Amend, the DDC alluded to the issue of whether the statute of limitations might have been equitably tolled during the time Hohman spent pursuing his ADA claim with the EEOC. However, the issue was never squarely raised by Hohman, and has not been fully briefed by either party. The court will therefore consider the issue waived, and will not discuss it.

B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

1. The Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. *See Lieberman v. Delaware,* No. CIV.A.96-523, 2001 WL 1000936, at *1 (D.Del. Aug. 30, 2001). The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Comm. of Pennsylvania,* 935 F.Supp. 624, 626 (W.D.Pa.1996) (citing *Growth Horizons v. Delaware County,* 983 F.2d 1277, 1280-81 (3d Cir.1993). Additionally, a motion to dismiss under 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Mortensen v. First Federal Savings and Loan,* 549 F.2d 884, 891 (3d Cir.1977). This case presents a facial challenge because the DDC does not dispute the existence of the jurisdictional facts alleged in the complaint. Therefore, the court must accept the facts alleged in the complaint as true, *see Zinerman v. Burch,* 494 U.S. 113, 118 (1990), and make all reasonable inferences in favor of the plaintiff. *See Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990).

Since the court rejects Hohman's proffered amendment as futile, it will focus on the allegations of the original complaint which assert wrongs committed in violation of Title I of the ADA and the Delaware Handicapped Persons Employment Protections Act. This court cannot exercise jurisdiction over either claim.

2. Count One--The ADA Claim

Count One of Hohman's complaint alleges that the DDC, a state agency, violated his rights under Title I of the ADA. Hohman requests several forms of relief, including monetary damages and reinstatement with back pay, as a result of this alleged violation. However, under the Eleventh Amendment, private parties cannot sue states in federal court for monetary damages. *See Board of Trustees of University of Alabama v. Garrett,* 121 S.Ct. 955, 962 (2001). A state is not entitled to this immunity if it has waived its immunity or if Congress has abrogated the state's immunity through a valid exercise of its power. *See Lavia v. Comm. of Pennsylvania,* 224 F.3d 190, 195 (3d Cir.2000).

Neither of the two above conditions are met here. First, the state has not waived its Eleventh

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 4

Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)

**(Cite as: 2001 WL 1593222 (D.Del.))**

Amendment immunity. A waiver will be found only where it has been stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Space Age Products, Inc. v. Gilliam,* 488 F.Supp. 775, 780 (D.Del.1980) (citing *Edelman v. Jordan,* 415 U.S. 651, 673 (1974)). Such an express waiver may be made through clear constitutional or statutory language. *See Lavia,* 224 F.3d at 195 (noting that neither Pennsylvania constitution nor code waived immunity). Neither the constitution nor the code of Delaware expressly waives Delaware's sovereign immunity. [FN4] Therefore, Delaware has not waived its immunity.

> FN4. Although section 4001 of the Delaware code provides qualified immunity for state agencies and officers, *see* Del.Code Ann. tit. 10 § 4001 (1999), it has been determined that this section is not an omnibus waiver of the state's sovereign immunity. *See Space Age,* 488 F.Supp. at 780 ("It does not follow, however, that the legislative intent behind this section [4001] was to waive sovereign immunity....").

*4 Moreover, Congress has not abrogated the states' immunity for claims under Title I of the ADA. In *Board of Trustees of University of Alabama v. Garrett,* 121 S.Ct. 955, 962 (2001), the Supreme Court expressly held that in Title I of the ADA, Congress did not validly abrogate the state's sovereign immunity from suit by private individuals for money damages. *See Garrett,* 121 S.Ct. at 968 n. 9. *See also Lieberman,* 2001 WL 1000936, at *1 (citing *Garrett* and holding that claims under Title I of the ADA are barred by the Eleventh Amendment). Since Delaware's immunity has not been waived or abrogated, Hohman cannot sue the state agency for money damages.

In response to the argument that the Eleventh Amendment bars his claim, Hohman asserts that *Garrett* bars monetary relief, but does not bar injunctive or declaratory relief. However, in *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 146 (1993), the Supreme Court noted that although prospective (injunctive) relief is available against state officials, it is not available against state agencies. Since the DDC is a state agency, it cannot be sued for injunctive relief under the Eleventh Amendment . [FN5] Thus, the relief Hohman seeks is not available to him under current federal law. Consequently, Hohman cannot ask a federal court to exercise jurisdiction over this claim.

> FN5. Furthermore, even if Hohman sought relief against a state official rather than a state agency, the Supreme Court has stated that only prospective relief can be sought against state officials. *See Green v. Mansour* 474 U.S. 64, 68-69 (1985). *See also Puerto Rico Aqueduct,* 506 U.S. at 145. Hohman seeks back pay which is retrospective in nature. Retrospective monetary interests will not give defeat Eleventh Amendment concerns. *See Green,* 474 U.S. at 68 ("But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment.").

3. Count Two--The state law claim.

Federal districts courts have original jurisdiction over "all civil actions arising out of the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (2001). In any action where the district court has original jurisdiction, it may exercise supplemental jurisdiction over state law claims that arise out of the same case or controversy as the federal claim. *See* 28 U.S.C.A. § 1367(a). The district court, however, has the discretion to decline to exercise this jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See id.* § 1367(c); *Growth Horizons v. Delaware County,* 983 F.3d 1277, 1284 (3d Cir.1993). In making this determination, the court should consider judicial economy, convenience, and fairness to the litigants. *See id.*

For the reasons outlined above, the court has no original jurisdiction over the ADA claim. The court is therefore not obligated to hear the state law claim. Furthermore, the interests of fairness and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                Page 5

Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)

**(Cite as: 2001 WL 1593222 (D.Del.))**

convenience will not be harmed if the court declines jurisdiction. Since all parties reside in Delaware, it would not be unfair or inconvenient for the litigants to be heard in Delaware state court. Moreover, although "a belated rejection of supplemental jurisdiction may not be fair," *see id.* at 1285, this rejection takes place early in the life of the case, giving the litigants ample opportunity to seek another forum. For all these reasons, the court will decline to exercise jurisdiction over the state law claim.

V. CONCLUSION

For the foregoing reasons, the court will deny Hohman's request to amend his complaint. The court will also grant the DDC's motion to dismiss for lack of subject matter jurisdiction. Since the court is granting the motion to dismiss, it has no further federal jurisdiction and will, therefore, decline to hear Hohman's state law claim.

*5 NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Plaintiff's "Motion for Leave to Amend Complaint" (D.I.6) is DENIED;

2. The Defendant's "Motion to Dismiss" (D.I.4) is GRANTED; and

3. The clerk shall close this case.

Not Reported in F.Supp.2d, 2001 WL 1593222 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:01CV00562 (Docket) (Aug. 16, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.