Westlaw.

Not Reported in A.2d                                                                                       Page 1

Not Reported in A.2d, 1993 WL 258798 (Del.Super.)

**(Cite as: 1993 WL 258798 (Del.Super.))**

H
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware, New Castle County.
Yah-Ya MANDELAKA, Plaintiff,
v.
Connie BOYD, Defendant.

Submitted: June 2, 1993.
Decided: June 14, 1993.

Decision Upon Defendant's Motion to Dismiss.

ORDER

DEL PESCO, Judge

*1 This 14th day of June, 1993, upon consideration of the record in this case and the papers filed by the parties, it appears that:

1. Plaintiff Yah-Ya Mandelaka filed the instant complaint against defendant Connie Boyd, R.N. ("Boyd"), alleging various facts in support a claim for intentional infliction of emotional distress. Boyd, a Correctional Medical Systems ("CMS") supervisor and nurse, has moved to dismiss on the ground that plaintiff's complaint fails to state a cause of action. This is the Court's decision on that motion.

2. The tort of intentional infliction of emotional distress has been adopted in Delaware. Its requirements may be stated as follows:
   One who by extreme and outrageous conduct intentionally or recklessly cause severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Mattern v. Hudson*, Del.Super., 532 A.2d 85, 85 (1987), citing Restatement, (Second) of Torts, § 46(1).

Extreme conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as ... utterly intolerable in a civilized community." *Mattern*, 532 A.2d at 86, citing Restatement, (Second) Torts, § 46, comment d. Thus, "liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.... There is no occasion for the law to intervene in every case where someone's feelings are hurt." *Id*. However, "where there is a special relation between the parties ... there may be recovery for insults not amounting to extreme outrage." *Id*.

The distress requirement is met where the distress inflicted "is so severe that no reasonable man could be expected to endure it." *Id*. "The intensity and the duration of the distress are factors to be considered in determining its severity." *Id*. In many cases, the extreme nature of the defendant's conduct is evidence of distress. *Mattern*, 532 A.2d at 86.

3. In support of his claim, plaintiff alleges the following facts.

Plaintiff was housed in the Maximum Security Unit ("MSU") of the Delaware Correctional Center ("DCC") in 1989 when he first came in contact with Boyd. Apparently, plaintiff was having stomach problems and he reported to the appropriate treatment area. He visited the area on numerous occasions, and alleges that Boyd treated him in a hostile matter, different from the other prisoners.

Later, after plaintiff was moved out of the MSU, he went to the infirmary, where defendant again "mistreated" him and called him a "nigger."

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                Page 2

Not Reported in A.2d, 1993 WL 258798 (Del.Super.)

**(Cite as: 1993 WL 258798 (Del.Super.))**

According to the complaint, there have been many other "incidents" between plaintiff and defendant, and plaintiff alleges that "Boyd is constantly trying to discourage me from using the medical care here in D.C.C. that has been provide [sic] for inmates [sic] needs." No additional facts are alleged in support of these incidents.

*2 On February 17th, 1993, plaintiff was being given a physical by Nurse Randy. Plaintiff was explaining a problem he had with his foot. Boyd allegedly shouted at plaintiff to "shut up." Plaintiff ignored defendant and kept on talking. Boyd summoned the guards, and now plaintiff must be escorted anytime he is scheduled to appear in the infirmary. Plaintiff alleges that he is in need of medical care at this time, but is in fear of using the medical facilities because Boyd will create an incident which may result in plaintiff being sent back to the MSU. Plaintiff alleges that due to the above-stated situation, he has suffered emotional distress.

4. For her part, Boyd states in an affidavit that she never threatened or impeded plaintiff's access to medical care, although as a result of his disruptions in the medical department, she has required that he can only be seen when accompanied by a corrections officer.

5. Taking the plaintiff's allegations as true, the Court is nonetheless convinced that he has failed to state a cause of action. First, he has failed to allege sufficient facts to support a claim that the defendant's conduct was extreme or outrageous as those terms are defined above. Second, he has failed to allege sufficient facts to support his claim that he has suffered extreme emotional distress as a result of defendant's actions.

For the foregoing reasons, defendant's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

Not Reported in A.2d, 1993 WL 258798 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.