Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)

**(Cite as: 2002 WL 1286910 (E.D.Pa.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
MATTHEW M., a minor by and through his parents and next friends, William M. and Helen M., and William M. and Helen M. individually and on their own behalf,
v.
THE WILLIAM PENN SCHOOL DISTRICT.
**No. CIV.A.01-7177.**

June 11, 2002.

*MEMORANDUM*

Padova, J.

*1 The instant matter arises on Defendant William Penn School District's Motion to Dismiss the Complaint. Plaintiff Matthew M., by and through his parents William M. and Helen M., brings claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., relating to the alleged failure of the Defendant to develop and implement an appropriate individualized education plan ("IEP") to address his disabilities. Plaintiffs William M. and Helen M. also bring claims under the IDEA on their own behalf. Finally, Plaintiffs bring related claims under 42 U.S.C. § 1983, state law, the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. [FN1] For the reasons that follow, the Court grants in part and denies in part the Motion. The Court denies the Motion with respect to the IDEA claims brought on Matthew M.'s behalf, but dismisses the remainder of the claims in the Complaint.

FN1. The Complaint, though counseled, fails to separate the individual claims into separate counts. Accordingly, it is not entirely clear which claims Plaintiffs intended to bring. With respect to some of the claims, Defendant moves to dismiss to the extent that Plaintiffs brought such claims in the first place.

I. Legal Standard

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.*

In support of its Motion, Defendant has submitted a volume of exhibits consisting mostly of documents from the administrative proceedings related to Matthew's case. Although a court generally may not look beyond the complaint in deciding a motion to dismiss under Rule 12(b)(6), it may consider "an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993) (internal quotations omitted). To the extent that the submissions are consistent with the principles of *Pension Benefit,* the submissions do not convert the motion into one for summary judgment. *Federal Election Comm'n v. Arlen Specter '96,* 150 F.Supp.2d 797, 803 (E.D.Pa.2001); *Halstead v. Motorcycle Safety Found., Inc.,* 71 F.Supp.2d 464, 467 (E.D.Pa.1999). The Court declines at this time to convert the motion to one for summary judgment. [FN2]

FN2. Throughout its memorandum in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)
**(Cite as: 2002 WL 1286910 (E.D.Pa.))**

support of its motion to dismiss, Defendant disputes Plaintiffs' factual allegations and invites the Court to resolve those disputes on the basis of the documents it has provided in support of its Motion. Because the resolution of factual disputes is inappropriate on a motion to dismiss, however, the Court declines to do so.

II. Discussion

A. *IDEA--Claims by Matthew M.*

Congress enacted the IDEA, 20 U.S.C.A. § 1400 et seq., to assist states in educating disabled children. In order to receive funding under the IDEA, a state must provide all disabled students with a free appropriate public education ("FAPE"). 20 U.S.C.A. § 1412(1) (West 2000). This education must be tailored to the unique needs of the disabled student through an individualized educational program ("IEP"). *See Board of Educ. v. Rowley,* 458 U.S. 176, 181-82, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982).

The IDEA provides both procedural and substantive rights. In actions brought under the statute, "a court's inquiry ... is twofold. First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program ("IEP") developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" *Rowley,* 458 U.S. at 206-07. Under the IDEA, states establish a procedure, involving an administrative hearing, in order to resolve disputes. 20 U.S.C.A. §§ 1415(f)-(i) (West 2000). A party aggrieved by a final administrative decision may initiate a civil action in state or federal district court. [FN3] 20 U.S.C.A. § 1415(i)(2).

> FN3. In reviewing the ruling of a state agency, a federal district court must give "due weight" to the state proceedings. *Rowley,* 458 U.S. at 206. The reason for this obligation is to ensure that the court does not impose its own views of sound educational policy on the states. *Id.*

Although "the district court must consider the administrative findings of fact, [it] is free to accept or reject them." *Oberti v. Board of Educ.,* 995 F.2d 1204, 1219 (3d Cir.1993). The court need only provide some explanation should it choose to depart from the agency's ruling. *Carlisle Area Sch. v. Scott P.,* 62 F.3d 520, 527 (3d Cir.1995).

\*2 The IDEA leaves to the courts the task of interpreting "free appropriate public education." *See Rowley,* 458 U.S. at 188-89. While an IEP need not maximize the potential of a disabled student, it must provide "meaningful" access to education, *id.* at 192, and confer "some educational benefit" upon the child for whom it is designed. *Id.* at 200. A court must consider the potential of the particular disabled student before it. *See id.* at 202. The IDEA imposes a higher standard than the mere provision of "any educational benefit." *Board of Education v. Diamond,* 808 F.2d 987, 991 (3d Cir.1986). The IDEA "calls for more than a trivial educational benefit" and requires a satisfactory IEP to provide "significant learning." *Polk v. Central Susquehanna Intermediate Unit 16,* 853 F.2d 171, 184 (3d Cir.1988). The determination of what is "appropriate" cannot be reduced to a single standard; rather, the benefit "must be gauged in relation to the child's potential." *Id.* at 185. When students display considerable intellectual potential, IDEA requires "a great deal more than a negligible [benefit]." *Id.* at 182. Tuition reimbursement is justified only if: (1) the proposed IEP was inappropriate, and (2) the private school placement was proper under the Act. *See Rose v. Chester Cty. Intermediate Unit,* Civil Action No. 95-239, 1996 U.S. Dist. LEXIS 6105, at \*24-25 (E.D.Pa. May 6, 1996).

In this case, Plaintiff Matthew M., through his parents William M. and Helen M., alleges that the district failed to follow the proper procedures mandated by the IDEA, (Compl.¶ 7), and failed to develop a timely IEP. (Compl.¶¶ 7, 22.) Plaintiff alleges that as a result of the procedural errors and substantial delay, Matthew had to be placed in a special school for children for the 2000- 2001

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                     Page 3
Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)
**(Cite as: 2002 WL 1286910 (E.D.Pa.))**

school year. (Compl.¶ 44.) Plaintiff further alleges that the IEP ultimately developed by the district was substantively inadequate. (Compl.¶ 47.) Specifically, Plaintiff alleges that the IEP failed to reflect Matthew's present educational levels, failed to address his significant emotional and social issues, had vague and unmeasurable goals, had inadequate objectives, had measures of success which were not objective and which were too low, had minimal/vague specially designed instruction, lacked meaningful support for school personnel, required progress reports that were too infrequent, and lacked a transition plan. (*Id.*)

Defendant contends that the Complaint involves only procedural faults under the IDEA and applicable state regulations, and that Plaintiff therefore is not entitled to tuition reimbursement. [FN4] As noted above, however, Plaintiff alleges both substantive as well as procedural faults. Moreover, Defendant's contention that "there is absolutely no evidence refuting the appropriateness of the IEP on the record," (Def.'s Mem. at 19), is unavailing on this motion to dismiss for failure to state a claim. [FN5] Accordingly, Plaintiff has stated a claim under the IDEA for which relief can be granted.

>   FN4. Even if Plaintiff had failed to allege substantive inadequacies in the IEP, it is not clear that he would not be able to establish an entitlement to tuition reimbursement. Although the law regarding whether reimbursement is proper for solely procedural defects is not entirely settled, at least some case law suggests reimbursement is appropriate under certain circumstances. *See, e.g., Jackson v. Franklin County School Bd.,* 806 F.2d 623, 629 (5th Cir.1986) ("[F]ailures to meet the Act's procedural requirements are 'adequate grounds by themselves' for holding that the school failed to provide a free appropriate public education, as mandated by the Act."); *Hall v. Vance Cty. Bd. of Educ.,* 774 F.2d 629, 635 (4th Cir.1985) ("[U]nder *Rowley,* these failures to meet the procedural requirements are adequate grounds by themselves for holding that the school failed to provide" the child with a FAPE."). Although procedural errors in and of themselves do not automatically constitute a denial of FAPE, procedural inadequacies that result in the loss of educational opportunity or seriously infringe the parents' opportunity to participate in the IEP formulation process warrant relief. *W.G. v. Board of Trustees of Target Range Sch. Dist. No. 23,* 960 F.2d 1479, 1484 (9th Cir.1992). In this case, it is unnecessary to reach this issue, for two reasons. First, as noted above, Plaintiffs do allege substantive deficiencies with respect to the IEP. Second, the proposed IEP was to begin September 2001, and Plaintiffs seek tuition reimbursement for the period of time prior to the implementation of the final IEP. *See, e.g., Muth v. Central Bucks Sch. Dist.,* 839 F.2d 113, 127 (3d Cir.1988), reversed on other grounds, *Dellmuth v. Muth,* 491 U.S. 223, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989).

>   FN5. The Court declines to resolve disputed issues of fact on this motion under Rule 12(b)(6). The Court notes, however, that Defendants arguably mischaracterize the evidence. For example, they contend that the "parents['] only stated reason for rejecting the IEP at the time, was that it was inappropriate because it did not begin until September." (Defs.' Mem. at 19 (citing Defs.' Ex. A, S-2)). However, that exhibit--a letter by Plaintiff William M. to the school district--states that "The IEP does not offer any program until September 2001, *and the program and placement is not appropriate to meet Matthew's needs.*" (Defs.' Ex. A S-2)(emphasis added).

*3 Plaintiff also states a claim with respect to the "child find" requirements of the IDEA. The IDEA requires that "all children with disabilities ... including children with disabilities attending private

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 4
Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)
**(Cite as: 2002 WL 1286910 (E.D.Pa.))**

schools, regardless of the severity of their disabilities, and who are in need of special education and related services, are identified, located, and evaluated." 20 U.S.C. § 1412(a)(3)(A); 34 C.F.R. §§ 300.125, 300.451. The school district is obligated to identify all children with disabilities within its jurisdiction. Specifically, "[a] school district shall provide annual public notification, published or announced in newspapers or other media, or both, with circulation adequate to notify parents throughout the school district, of child identification activities ..." 22 Pa.Code 342.22(b) (subsequently superseded by 22 Pa.Code 14.121(c)).

Plaintiff alleges that the Defendant's efforts with respect to child find "were extremely minimal" and "largely consisted of a single summertime publication in a tabloid-style newspaper and with very small print." (Compl.¶ 47.) Plaintiff's allegations state a claim upon which relief can be granted. Plaintiff alleges that the notice that was provided by the Defendant was insufficient to notify parents throughout the school district of its child identification activities, both because of the type of paper in which the notice was published and the size and infrequency of the notice.

The Court denies the motion to dismiss claims under the IDEA as brought by Matthew M.

B. *IDEA--Claims by William M. and Helen M.*

Defendant next moves to dismiss the IDEA claims brought individually by William M. and Helen M., Matthew M.'s parents, on the ground that they lack standing to bring a claim under the IDEA. When school officials have failed to provide a child with a disability with entitled educational services, a court may order reimbursement to the parents of the child to cover the costs in providing alternative educational programs. [FN6] *See Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 11-12, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993); *School Comm. of Burlington v. Department of Ed.*, 471 U.S. 359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). However, "[p]arents may not assert a cause of action in their own right for alleged violations of their child's rights under IDEA because they are not real parties in interest under the statute." *Susavage v. Bucks Cty. Schs. Intermediate Unit*, Civil Action No. 00-6217, 2002 U.S. Dist. LEXIS 1274, at *59 (E.D.Pa. Jan. 22, 2002) (citing *Collingsgru v. Palmyra Bd. of Ed.*, 161 F.3d 225, 236-37 (3d Cir.1998)). Although the IDEA endows parents with procedural rights, the statute does not also confer on parents the same underlying substantive rights that their children possess. *Id.* at *59-60 (citing *Collingsgru*, 161 F.3d at 227). Accordingly, while parents have standing to bring claims on behalf of their child, they do not have standing to sue in their own right under the IDEA. *Id.* at *60.

> FN6. Although the Plaintiff parents rely on *Florence* and *Burlington* in support of their contention that they have standing to bring IDEA claims individually, neither case dealt with the standing issue. *See Florence*, 510 U.S. at 13 ("This case presents the narrow question whether Shannon's parents are barred from reimbursement because the private school in which Shannon enrolled did not meet the § 1401(a)(18) definition of a 'free appropriate public education."); *Burlington*, 471 U.S. at 367 ("We granted certiorari ... only to consider the following two issues: whether the potential relief available under § 1415(e)(2) includes reimbursement to parents for private school tuition and related expenses, and whether § 1415(e)(3) bars such reimbursement to parents who reject a proposed IEP and place a child in a private school without the consent of local school authorities.")

In this case, while William M. and Helen M. have standing to bring claims under the IDEA in order to vindicate the rights of their minor son, Matthew M., they do not similarly have standing to bring claims individually. Accordingly, the IDEA claims brought individually by the parents are dismissed.

C. *Claims pursuant to 42 U.S.C. § 1983*

*4 Defendant next moves to dismiss the claim

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 5

Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)

**(Cite as: 2002 WL 1286910 (E.D.Pa.))**

brought pursuant to 42 U.S.C. § 1983. It is unclear under what theory this claim was originally brought, but the Complaint does refer to § 1983 as one of the statutes under which the action is maintained. (Compl.¶ 4.) Plaintiffs do not address or otherwise challenge this aspect of Defendant's motion. Accordingly, the motion to dismiss the § 1983 claim is granted as unopposed. *See* Local R. Civ. P. 7.1(c).

D. *State Law Claims*

Defendant next moves to dismiss any claims brought under state law. It is unclear whether Plaintiff intended to bring a separate Pennsylvania state law claim, but the Complaint refers to "Pennsylvania's statutes" as one of the legal theories under which the claims are brought. (Compl.¶ 4.) Plaintiffs do not address or otherwise challenge this aspect of Defendant's motion. Accordingly, the motion to dismiss the state law claims is granted as unopposed. *See* Local R. Civ. P. 7.1(c).

E. *Rehabilitation Act/Americans with Disabilities Act*

Defendant next moves to dismiss the claims brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiffs clarify in their response to the motion that they will not pursue claims under either statute. Accordingly, this aspect of the motion is unopposed and such claims, to the extent they were originally brought, are dismissed.

III. Conclusion

Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff Matthew M.'s claims under the IDEA, brought by and through his parents William M. and Helen M., may proceed. The remainder of the claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

An appropriate Order follows.

*ORDER*

AND NOW, this 11th day of June, 2002, upon consideration of the Motion to Dismiss of Defendant William Penn School District (Doc. No. 3), and all responsive and opposing briefing, IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. In furtherance thereof, it is specifically ordered that:

1. The Motion to Dismiss Matthew M.'s claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. is DENIED.

2. The Motion to Dismiss is GRANTED in all other respects. All other claims, including the claims brought individually by William M. and Helen M. and claims under 42 U.S.C. § 1983, the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., are DISMISSED.

Not Reported in F.Supp.2d, 2002 WL 1286910 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

• 2:01CV07177 (Docket) (Dec. 28, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.