IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN GREEN, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPE HENLOPEN SCHOOL DISTRICT, | : | |
| MORRIS, JAMES, HITCHENS & | : | C.A. No. 04-920 |
| WILLIAMS LLP, JENNIFER BRIERLEY, | : | |
| ESQUIRE, GARY R. SPRITZ, ESQUIRE, | : | |
| VICKI MCGINLEY, | : | |
| NANCY HORTSMANN, | : | |
| SECRETARY OF EDUCATION VALERIE | : | |
| WOODRUFF, KRIS BATTAGLINI, | : | |
| SHANNON PALMER, | : | |
| | : | |
| Defendants. | : | |

**STATE and HEARING OFFICER DEFENDANTS' ANSWER TO
MOTION TO STRIKE THE RECORD BELOW AND PARTIAL SUMMARY
JUDGMENT**

**COMES NOW,** Defendants, Gary R. Spritz, Esquire, Dr. Vicki McGinley, Nancy Horstmann, and Secretary of Education Valerie A. Woodruff (State and Hearing Officer Defendants), by and through their attorneys, and hereby answer the Motion to Strike the Record Below and Partial Summary Judgment as follows:

1. The Department of Education filed the administrative record with U.S. District Court on February 23, 2006 pursuant to Paragraph 3(d) of the January 31, 2006 "Scheduling Order." (D.I. 29); *See also*, 20 U.S.C. § 1415 (i) and 14 Del. C. § 3142 (c )[1]. Paragraph 3(d) of the Scheduling Order states in relevant part:

---

[1] Section 3142 (c ) of Title 14 of the Delaware Code requires the Secretary of Education, or the Secretary's designee to "certify and file with the Court the record of the administrative hearing, which shall include all

1

<blockquote>

<u>Administrative Record</u>.  The allegations in this action relate to an administrative proceeding involving the Plaintiff's son.  While this case is not an appeal on the record of this administrative proceeding, the Delaware Department of Education shall certify and file with the Court the record of this administrative proceeding ("the record").  Documents in the record shall be deemed served on all parties to this action.  Thus, the parties are not required to produce such documents at the time initial disclosure are served pursuant to Rule 26(a), or in response to requests for production.

</blockquote>

(D.I. 29).

2. Although not required to by the express terms of Paragraph 3 (d) of the Scheduling Order, copies of the record that were provided to the Court were also sent by regular mail to Mr. Green, counsel for Secretary of Education Valerie A. Woodruff, counsel for the Hearing Officer Defendants, and counsel for the Cape Henlopen School District Defendants.  Unfortunately, the address on file for Mr. Green with the Delaware Department of Education was a previous address and was not the current address on file with the U.S. District Court.

3. Mr. Green did not notify counsel for Secretary of Education Valerie A. Woodruff or Counsel for the Hearing Officer Defendants prior to filing his Motion so that the parties could have reached an agreement on this issue before invoking the Court.  At the time of his filing, Mr. Green acknowledged receipt of Box 2 of 2 of the record.[2]  Mr. Green has cited **no legal authority** supporting the striking of the administrative record for the Due Process Hearing for his son, A.G., or for the relief sought in his motion.  (D.I. 40).

---

documents submitted, a transcript of all testimony, and the decision of the hearing panel."  14 Del. C. § 3142 (c ).

[2] Mr. Green subsequently acknowledged receipt of Box 1 of 2 of the record in an e-mail to counsel dated March 17, 2006.

2

4.     Contrary to Mr. Green's unsupported allegations, it was not Defendant Spritz's obligation to forward the official record to the Court.  *See* 14 *Del. C.* § 3142(c). Defendant Spritz's responsibility, as the attorney member and chairperson of the due process hearing panel, was limited to "maintain[ing] and be[ing the] sole custodian of the official record of the proceedings, including pre- and post- hearing communications or conferences, **until such time** as a final decision is issued and the official record returned to the Department of Education."  *See Due Process Hearing Technical Assistance Manual*, Section G., Duties of the Panel Chair (Emphasis added) (attached hereto as "Exhibit A").   Defendant Spritz fulfilled his responsibilities as to the record and delivered the official record of the due process proceedings to the Department of Education in or about May 2004.

5.     Ms. Louann Vari, Esq. is now an Education Associate employed by the Delaware Department of Education and did not "hold" the record as alleged by Mr. Green.  (D.I. 40).  Ms. Vari represented the Department of Education in her former role as a Deputy Attorney General for the Delaware Department of Justice.

WHEREFORE, the State and Hearing Officer Defendants respectfully request the Court deny Green's Motion to Strike the Record and Partial Summary Judgment.

| | |
|---|---|
| */s/ Mary L. Cooke* | */s/ Craig R. Fitzgerald* |
| Mary L. Cooke, I.D. #3441 | Craig R. Fitzgerald, I.D. #3730 |
| Department of Justice | Department of Justice |
| 102 W. Water Street | 102 W. Water Street |
| Dover, DE 19904 | Dover, DE 19904 |
| (302) 739-7641 | (302) 739-7641 |
| mary.cooke@state.de.us | craig.fitzgerald@state.de.us |
| Attorney for Gary R. Spritz, Esq., Dr. Vicki McGinley, and Nancy Horstmann | Attorney for Secretary of Education Valerie Woodruff |

Dated: March 17, 2006

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on March 17, 2006, I electronically filed the State and Hearing Officer Defendants' Answer to Motion to Strike the Record Below and Partial Summary Judgment with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: David Williams, Esquire.  I hereby certify that on March 17, 2006, I have mailed two copies of the document by regular mail to the following non-registered participant:

>Mr. John Green
>17252-9 North Village Main Boulevard
>Stop 143
>Lewes, DE 19958

>/s/ Craig R. Fitzgerald
>Craig R. Fitzgerald, I.D. #3730
>Deputy Attorney General
>102 West Water Street
>Dover, DE 19904
>(302) 739-7641
>**craig.fitzgerald@state.de.us**