# *Due Process Hearing Technical Assistance Manual*

*Delaware Department of Education*
*Exceptional Children and Early Childhood Group*

This document was developed with assistance from the Mid-South Regional Resource Center, Human Development Institute, University of Kentucky pursuant to Cooperative Agreement #HO28A30008 between the University of Kentucky and the U. S. Department of Education, Office of Special Education Programs. However, the opinions expressed herein do not necessarily reflect the position or policy of the U. S. Office of Special Education Programs, and no endorsement by that Office should be inferred.

February 13, 1998

# TABLE OF CONTENTS

| | | |
|---|---|---|
| Introduction | | 2 |
| Procedures | | |
| A. | Recruitment of Panel Members | 2 |
| B. | Application Process | 2 |
| | *Laypersons* | 2 |
| | *Educators* | 3 |
| | *Attorneys* | 3 |
| C. | Certification to the Panel Pool | 3 |
| D. | Re-Certification to the Panel Pool | 4 |
| E. | Panel Appointment Criteria | 4 |
| F. | Establishing a Panel | 4 |
| G. | Panel Members Duties | 5 |
| | *Duties of the Panel Chairperson.* | 5 |
| | *Prehearing Procedures* | 5 |
| | *Issuance of Subpoenas* | 7 |
| | *General Duties of the Panel Members During a Hearing* | 8 |
| | *Order of Proceedings for Conducting the Hearing* | 8 |
| | *Post-Hearing* | 10 |
| H. | Authority of Hearing Panel | 12 |
| I. | Submission of the Decision | 12 |
| J. | Removal of a Panel Member | 13 |
| | *Layperson or Educator Conflict* | 13 |
| | *Attorney Conflict* | 14 |
| K. | Expedited Hearings | 14 |

## Introduction

The purposes of this Technical Assistance Manual are to provide a detailed review of the Department of Education's (DOE) procedures for:
- creating and maintaining a hearing officer pool,
- establishing a hearing officer panel for a specific case, and
- conducting a hearing and writing a decision.

## Procedures

### A. Recruitment

Recruitment of panel members will be conducted on an as needed basis in order to maintain an adequate number of panelists in each of the three panel member categories.

### B. Application Process

The application process is to be completed by all persons interested in serving as impartial hearing officers (panel members) in the state of Delaware. Application forms may be obtained from the DOE or Governor's Advisory Council for Exceptional Citizens (GACEC) staff.

*Laypersons.* The Governor's Advisory Council for Exceptional Citizens (GACEC) is responsible for the recruitment of laypersons for consideration as panel members. For purposes of this task, laypersons are citizens of the state of Delaware with an interest in the education of students with disabilities. Interested parties should submit a copy of their resume and a completed application form to the chair of the GACEC.

The GACEC personnel committee shall review the application to determine if the layperson meets the eligibility criteria to be a panel member.

The GACEC will submit a list of recommended laypersons to the Department of Education (DOE).

All persons who are included on the list compiled by the GACEC to serve as due process hearing panel members shall demonstrate their interest in the education of students with disabilities and in serving as a panel member by attending the hearing officer training provided by the DOE.

***Educators.*** The DOE is responsible for the recruitment of educators with knowledge in the field of education and programming for students with disabilities for consideration as panel members. Interested parties should submit a copy of their resume and a completed application form to DOE.

The DOE shall review the application to determine if the educator meets the eligibility criteria to be a panel member.

All persons who are included on the list of educators to serve as due process hearing panel members shall agree to attend the hearing officer training provided by the DOE.

***Attorneys.*** The DOE is responsible for the recruitment of attorneys for consideration as panel members. Interested parties should submit the following to DOE: a copy of their resume, a completed application form and verification as a member in good standing of the Delaware Bar.

The DOE shall review the application to determine if the attorney meets the eligibility criteria to be a panel member.

All persons who are included on the list of attorneys to serve as due process hearing panel members shall agree to attend the hearing officer training provided by the DOE.

## C. Certification to the Panel Pool

Laypersons approved by GACEC, educators and attorneys will be certified as prospective due process panel members following:

1. Completion of the application process and submission of all required documents to DOE;

2. Completion of the initial DOE hearing officer training; and

3. Receipt of a letter of certification from DOE.

The DOE will maintain lists of certified laypersons, educators and attorneys.

**D. Re-Certification to the Panel Pool**

Certification as a panel member shall be valid for two years. In order to be re-certified, panel members must:

1. complete seven (7) hours training approved by the DOE over the preceding two-year period; and

2. file an updated application and resume with the DOE.

**E. Panel Appointment Criteria**

1. Prospective panel members are appointed to a hearing panel by DOE on a rotating basis from the list of certified panel members.

2. To be eligible for appointment to a hearing panel, a certified panel member must meet the following criteria:

   a. A panel member may not be an employee of the Department of Education;

   b. A panel member may not be an employee of the district or the Charter school which is a party to the hearing;

   c. A panel member may not be a resident of the district which is a party to the hearing or have a child who is a student in the district which is a party to the hearing; and

   d. A panel member may not have a personal or professional interest which would conflict with his or her objectivity.

**F. Establishing a Panel**

1. A request for a due process hearing shall be sent to the Office of the Secretary of the Department of Education. The date of receipt in the Office of the Secretary of the Department of Education begins the 45-day time period in which a hearing decision must be rendered.

2. Following receipt of the hearing request in the Office of the Secretary, the hearing request shall be forwarded to the Exceptional Children and Early Childhood Group.

3. DOE staff review panel appointment criteria (Ref. E. 2.) and confirm in writing that prospective panelists next on the rotation are eligible for this particular panel.

4. A layperson, an educator and an attorney are appointed by the Secretary of the Department of Education or his/her designee to hear the specific case.

5. Once the panel membership has been established, notification of the appointment of the panel is sent by DOE to all panelists and parties. This letter includes:

   a. information regarding free and low cost legal services; and

   b. information on mediation.

6. DOE is responsible for completing the contracts for the panel members.

## G. Panel Members Duties

*Duties of the Panel Chairperson*

The attorney member shall: (1) act as chairperson of the panel, (2) direct and manage pre-hearing procedures, (3) preside at all hearings, (4) write the final decision of the hearing panel (except in the case when he or she holds the minority opinion at the conclusion of the hearing), and (5) maintain and be sole custodian of the official record of the proceedings, including pre- and post-hearing communications or conferences, until such time as a final decision is issued and the official record returned to the Department of Education.

*Prehearing Procedures*

1. The panel chair will contact the parties to the hearing and schedule the hearing at a time and place that is reasonably convenient to the parents, and other parties involved.

2. Once the hearing date is established, the panel chair shall notify DOE. DOE shall arrange for a hearing location and obtain a court reporter.

3. The panel chair shall notify the parties of the time and place of the hearing.

4. The panel chair shall schedule a prehearing conference not later than 12 days prior to the hearing for clarification of the issues, for the disposal of procedural requests or disputes and to regulate and expedite the course of the hearing.

   a. The prehearing conference may be conducted by telephone.

   b. Other panel members may participate in the prehearing conference.

   c. At the prehearing conference the parties shall be prepared to discuss all subjects relevant to the case including, but not limited to:
      - narrowing and clarifying issues
      - reaching agreements and stipulations of fact

   d. The panel chair will confirm the results of the prehearing conference in writing to the parties including:
      - the issues to be considered at the hearing
      - any stipulation or agreement reached by the parties
      - such other matters or orders deemed appropriate by the panel chairperson

5. The panel chair may require parties to state their positions and to provide all or part of the evidence in writing.

6. The panel chair may direct that all written motions, briefs, and other documents be provided to the parties and other members of the panel.

7. The panel chair may receive, rule on, exclude, or limit evidence at any stage of the process. The panel chair may exclude evidence which is plainly irrelevant, immaterial, insubstantial, cumulative or privileged.

8. The panel chair shall accept any competent evidence that is relevant and material.

9. The panel chair may set reasonable time limits for submission of written documents.

10. The panel chair may require that list of witnesses and documents to be introduced during the hearing must be delivered to the opposing party at least 5 calendar days prior to the hearing with copies sent to each of the panel members. The panel chair may refuse to admit into evidence or consider documents or other submissions if they are not submitted in a timely manner.

The panel chair may interpret applicable statutes and administrative regulations but may not waive them or rule on their validity.

12. The panel chair shall ensure that a decision and order is rendered within the forty-five (45) days of the original date of receipt of the hearing request. The panel chair may extend the timeline beyond 45 days at the request of either party for good cause. A request for a continuance shall be deemed to be consent to extension of the decisional deadline by the requesting party.

13. The hearing date shall not be continued for more than 10 days except with the consent of all parties.

*Issuance of Subpoenas*

Authority to issue subpoenas is conferred upon the Secretary of Education or a designee in order to implement the hearing process.

1. Upon application of any party, at least twelve days prior to hearing, a subpoena shall be issued, requiring the attendance of the person or persons listed in the application.

2. If a person subpoenaed to attend a hearing fails to obey without reasonable cause, or if such a person in attendance refuses, without lawful excuse, to be examined or to answer pertinent questions, the panel chairperson upon application of the examining party may continue the hearing to permit an application to be filed with the Family Court for a rule to show cause why such person should not appear or testify.

3. The panel chair may quash a subpoena for good cause shown.

*General Duties of the Panel Members During a Hearing*

1. Any panel member may examine witnesses.

2. Each member of the panel should become acquainted with all documents submitted prior to the hearing.

3. Panelists shall give each party the opportunity to be accompanied and advised by counsel and by individuals with specialized knowledge or training with respect to the problems of children with disabilities.

4. Panelists shall give each party the right to call as witnesses individuals with specific knowledge or information concerning the facts of the case.

5. Panelists shall give each party the right to call as expert witnesses individuals with special knowledge or training in the area of disabilities.

6. Panelists shall give each party an opportunity to present witnesses and an opportunity to cross-examine witnesses either orally or with written questions.

7. Any decision must be concurred in by two members of the Due Process Hearing Panel. In those cases where the panel chair holds a minority opinion, the educator member shall write the decision. Any member holding a minority opinion may write a separate report, which shall be attached to the decision.

8. Except in exigent circumstances, panelists should avoid ex parte communications with a party.

*Order of Proceedings for Conducting the Hearing*

1. Call to Order

2. Introductory Statements

   The panel chairperson should begin the hearing with an opening statement that substantially covers the following information:

a. Introduction of participants

b. Opened/closed hearing

If a closed hearing is desired, all persons should be requested to leave the room except for:

i. the representatives of all parties, counsel, and other persons entitled to be present pursuant to law; and
ii. witnesses

c. Known or potential witnesses may be sequestered at the discretion of the hearing panel and instructed to remain nearby and be ready to be called to give their testimony.

d. A brief statement of the issue(s) to be decided.

e. Burden of Proof

The burden of proof, as well as the burden of going forward with the evidence, is always on the school district. It may be more convenient for the parent to present evidence first, regardless of the burden, provided neither party objects. As an accommodation to the parent, an offer to let them proceed first may be made.

3. Opening Statements

The chairperson shall ask each party to make an opening statement.

4. Swearing in Witnesses

The court reporter should administer the oath. If the witness is a child under ten years of age, the oath may be waived.

5. Opening of Formal Testimony

This is the evidence and testimony phase of the hearing. The panel chairperson should organize this phase of the hearing consist with the asterisked (*) headers:

    a. Opening statements

b. Presentation of evidence and testimony

i. Written evidence

ii. Witnesses
   * examination
   * cross-examination
   * re-examination
   * examination by panel members

6. Closing Statements

Each party should have an opportunity to present a closing statement. Closings are brief statements given by each party which summarize their position and the evidence given in support of that position. Parties may wish to submit closing statements in writing. Such written closing may be permitted at the discretion of the hearing panel. However, a time limit for receipt of written material should be set so as not to unnecessarily delay a decision in the case.

7. Closing Statement by Panel Chair

The panel chairperson should end the hearing with a closing statement that substantially covers the following information:

- estimated completion date for written decision;
- mailing date of the decision to the school district and the parents or their representatives; and
- right to appeal

*Post-Hearing*

1. Before leaving the hearing site, the panel members should make sure that they have the correct address of the parents or adult student and any legal or other advisor in order to provide them with a copy of the hearing decision. The panel should also be sure it has exhibits offered or admitted into evidence.

2. As soon as possible after the conclusion of the hearing, the hearing panel should meet to deliberate their decision. Findings of fact, related points of law, a statement of the panel's decision and the rationale for

the decision should be recorded at this time, on tape or in writing, to serve as a draft for the decision writer.

3. In making the decision, the panel shall consider only the evidence as presented at the hearing and reflected in the official transcript and the exhibits. Any information obtained from other sources, either before or following the hearing, shall not be used in arriving at the decision. Notwithstanding the foregoing, with the consent of the hearing panel, a party may offer in evidence the written deposition of a witness regardless of whether such deposition is taken before or after the hearing.

4. Members of the panel should keep in mind that the burden of proof is on the school district to establish its position by a preponderance of the evidence. Where appropriate, the panel may order an independent educational evaluation of the student, to be provided at public expense. In cases involving issues of placement, the district must show that it can and will provide the services to which the child is entitled. If the issue involved identification or evaluation, the district must have followed the requirements specified in the Administrative Manual: Programs for Exceptional Children, Subparts I. B., C. and E.

5. The written decision shall contain, at a minimum, the following sections:

   a. A summary of the dispute which was resolved at the hearing, including enough detail for general understanding.

   b. A statement of the position of the school district, including the major points of their presentation.

   c. A statement of the position of the parents, including the major points of the presentation.

   d. Findings of fact as determined by an examination of the evidence presented at the hearing with references to pages of the record and exhibits. A finding of fact may be based on undisputed testimony or documents. A finding of fact may also be based on a fact which is disputed between the parties but upon which the panel determines that one party has prevailed by proof.

   e. Major points of law as they relate to the case in question.

    f. A clear and concise statement of the decision of the hearing panel.

g. A discussion of the hearing panel's rationale for the decision (if not provided previously). The written decision shall address the issues stated as the subject of the hearing.

h. A minority opinion, when applicable, at the discretion of the holder of that opinion.

i. The announcement of appeal procedures to Family Court or the federal district court.

6. The panel chairperson has the authority to reconvene the panel to elicit information it requires to come to a decision.

7. The hearing panel's report and decision shall be written by the chairperson (except in the case when he or she holds the minority opinion), signed by all panelists, and presented to both parties on or before the deadline.

H. Authority of Hearing Panel

The hearing panel has wide latitude in its authority. There are three primary limitations in the decision making process. The panel is limited by the issue(s), the evidence and public agency prerogative.

1. The hearing panel must limit its decisions to the issue(s) presented and shall not go beyond that issue.

2. The hearing panel must base the decision only on evidence presented at the hearing.

3. The hearing panel must limit the decision to terms that do not violate public agency prerogative (i.e., the scope of the agency's responsibility and authority).

**I. Submission of the Decision**

1. The panel chairperson shall ensure that copies of the decision and any dissenting report including findings of fact and conclusions of law are mailed via certified mail, return receipt requested, to the parties and to the Exceptional Children and Early Childhood Group, DOE. The

complete file and official record of the process shall be forwarded to DOE. The panel chairperson should retain one copy for his or her files.

2. The Exceptional Children and Early Childhood Group shall forward the decision, with all personally identifiable information deleted to the chairperson of the GACEC.

3. The Exceptional Children and Early Childhood Group shall make those findings and decisions available to the public by placing legal notice annually in the newspapers of sufficient circulation in each of the Delaware counties that this information may be obtained through the Exceptional Children and Early Childhood Group, DOE.

## J. Removal of a Panel Member

Whenever a party becomes aware of a potential professional or personal conflict of interest of any panel member, a complaint must be filed within five (5) days from receipt or awareness of this knowledge or one day prior to the hearing, whichever comes first, as follows.

*Layperson or Educator Conflict*

1. Challenges to the appointment of the layperson or educator panel member will be forwarded in writing to the chairperson and copied to the Secretary of the Department of Education.

2. The grounds for any challenge must be stated with specificity.

3. Upon receipt of the complaint, the chair, in his/her investigation of the complaint, shall forward the complaint to the panel member.

4. The panel member may agree to recuse him/herself or shall state in writing the reason for refusal to recuse him/herself. If in the event the panel member chooses not to recuse him/herself, the panel chairperson shall decide the issue in the interest of fairness and justice.

5. A final decision concerning the challenge shall be rendered by the panel chair within 5 working days of the receipt of the challenge.

6. Notification of the decision will be forwarded to all parties to the hearing as well as DOE.

*Attorney Conflict*

1. Challenges to the appointment of the panel chairperson will be forwarded in writing to the chairperson and copied to the Secretary of the Department of Education.

2. The grounds for any challenge must be stated with specificity.

3. The chairperson may recuse him/herself or shall state in writing the reason for refusing to do so. The decision of the chairperson shall be final.

4. A finding to the challenge shall be rendered by panel chairperson within five (5) working days of the receipt of the challenge.

5. Notification of the decision will be forwarded to all parties to the hearing as well as DOE.

K. Expedited Hearings

IDEA as reauthorized contains new procedures related to behavior-based grievances and appeals. Revisions to Delaware's impartial hearing process will have to be considered in order to comply with the new requirements in the law for an expedited hearing process. Revisions to this manual will be made as needed to reflect changes in Delaware's due process system and the responsibilities of hearing officer.